1
2
3
4  **IN THE UNITED STATES DISTRICT COURT**

5  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7  ROBERT DESTFINO, et al.,                    CASE NO. CV-F-08-1269 LJO DLB

8              Plaintiffs,                     **ORDER ON DEFENDANTS'**
                                               **MOTION TO DISMISS**
9          v.

10  WILLIAM KENNEDY, et al.,

11              Defendants.
                                        /
12

13          Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones,

14  Robert Ona, Jeremy Johnson and Calvary Tempt Worship Center move pursuant to Rule 9(b) and

15  12(b)(6) to dismiss the fraud causes of action in the First, Second, Third, Fourth and Fifth Causes of

16  action and the causes of action in the Eighth, Ninth, Tenth, Eleventh causes of action and the fifteen

17  cause of action of harassment.  Defendants also move for a more definite statement under Fed.R.Civ.P.

18  12(e).  Other of the defendants have joined in the motion. Plaintiff filed an opposition to the motion on

19  October 10, 2008.  Movants filed a reply on October 17, 2008.  Having considered the moving,

20  opposition, and reply papers, as well as the Court's file, the Court issues the following order.

21                    **FACTUAL AND PROCEDURAL BACKGROUND**

22          This action involves claims of fraudulent activity related to representations of financing for

23  homes and automobiles.  The complaint alleges that the defendants made misrepresentations to induce

24  plaintiffs to enter into loans for either mortgages or car loans, or both.

25          The Complaint was originally filed in Stanislaus County Superior Court on May 2, 2008 and

26  removed to this Court on August 26, 2008.  The Complaint contains 179 paragraphs.  (Doc. 1

27  Complaint.)  The complaint alleges claims against 29 individuals, 10 business entities and a church.

28  In the first 50 "background allegations," plaintiffs set out the capacity and residence of each defendant.

In paragraph 51 of the Complaint, plaintiffs incorporate by reference all preceding paragraphs of the complaint.  Plaintiffs categorize all plaintiffs as the "Home Mortgage Plaintiffs."  (Doc. 1, Complaint ¶52.)  Next, plaintiff categories the "Home Mortgage Defendants" as collectively, each named defendant.[1] (Doc. 1, Complaint ¶53.)  Thereafter, conduct in the complaint is referred to as conduct by "Home Mortgage Defendants" against the "Home Mortgage Plaintiffs."  The plaintiffs and defendants who were involved in car loans are categorized differently.[2]  The complaint alleges fifteen claims for relief.  At issue in this motion are the following claims:

- - First - Fraud in Home Mortgages

- - Second - Fraud in Automobile loans

- - Third - Unfair Business practices for the home mortgages and automobile loans

- - Fourth - Fraud in the Inducement in the home mortgages and automobile loans (or in the creation of Corporation Sole)

- - Fifth - Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1964( c))

- - Ninth - Conspiracy to Commit Fraud

- - Tenth - Intentional Misrepresentation

- - Eleventh - Negligent Misrepresentation

- - Fifteenth - Stalking.

In addition to the current action, other federal actions are pending in California.  Defendants note that some or all of these plaintiffs have filed similar or identical claims in a total of three federal court actions:

---

[1] The "Home Mortgage Plaintiffs" are all the plaintiffs and the "Home Mortgage Defendants" are defendants Kennedy, American Legal Services, the Ear of Malchus, The Lost Sheep, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, R. Johnson, Her Copyright, Roderick Sese, Gentry Group, K. Johnson, Heineman, Scarlotta, New Century Mortgage Corporation, International Association of Corporation Sole, P.Kim, S. Kim, SKM Debt Services, Lalonde, Indymack, Lebarthe, WE, Wee, Klausner, Financial Title, G. Berteau, B. Berteau, Cook, Turner, Williams, Jones Ona, J. Johnson and Worship Center.  (Doc. 1, Complaint ¶53.)

[2] The "Car Loan Plaintiffs" are plaintiffs Michael Tavarez and Shawn Taverez.  The "Car Loan Defendants" are Kennedy, The EAR of Malchus, American Legal Services, the Lost Sheep, Financial Freedom First, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, Courtesy Automotive Center, Group, Wells, Ault, Sing, P. Kim, S. Kim, SKM Debt Services Group.  (Doc. 1, Complaint ¶¶83, 84.)

1.    Eastern District of California-Fresno (the instant case), Case No. 1:08-CV-01269-LJO-DLB

2.    Eastern District of Californian-Sacramento, Case No. 2:08-CV-02012-WBS-DAD

3.    Central District of California-Los Angeles, Case No. 5:08-CV-01159-VAP-JWJ.

## ANALYSIS AND DISCUSSION

**A.     Motion To Dismiss Standards**

    **1.     Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

    **2.     Rule 12(e)**

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Motions for more definite statement are viewed with disfavor, and are rarely granted. *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (ED PA 1986).

**B.      Plaintiffs Argue the Motion to Dismiss is Untimely**

Plaintiff argues that the motion to dismiss is untimely.  Plaintiff argues that the motion was not made within 5 days after the notice of removal was filed.

A motion made on any of the grounds enumerated in Rule 12(b) "must be made before pleading if a responsive pleading is allowed."  Responsive pleadings are due within 20 days after service of the summons and complaint. Fed.R.Civ.P 12(a).  Rule 12 provides that if defendant has not answered the complaint at the time of removal, defendant shall answer (or present other available defenses or objections) within "20 days after receiving—through service or otherwise—a copy of the initial pleading ... " or within "5 days after the notice of removal is filed," whichever period is longest. Fed.R.Civ.P 81(c)(2).

The notice of removal was filed on August 26, 2008. Plaintiff argues that under FRCP 81c, the last day to file this motion would be 5 days after August 26, 2008 which is August 31, 2008 - five days after removal.  Plaintiff argues that defendants did not file this motion until September 17, 2008, which is over two weeks late.

Rule 81( c) provides three possible periods for a defendant in a removed action who has not yet answered to do so:

> "[T]he defendant shall answer or present the other defenses or objections available under these rules [1] within [twenty] days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or [2] within [twenty] days after the service of summons upon such initial pleading, then filed, or [3] within [five] days after the filing of the petition for removal, **whichever period is longest**."

Plaintiffs' argument focuses on only one of the three time frames for filing the motion.  While defendants did not comply with filing a motion within five days of the petition for removal, this determination, however, does not resolve whether defendants fall within the first and second options. The other two options for timely filing are calculated from the date of service of the summons (either receipt or formal service.)  Here, the Court's file does not contain a return of service as to the moving defendants to determine whether these defendants failed to file this motion within 20 days of service. Accordingly, the argument that the motion is untimely is denied.

/////

4

**B.      Fraud Claim**

**1.      Shotgun Pleadings/Incorporation by Reference**

Defendants argue that the Complaint accuses the eight moving defendants and the Calgary Temple Worship Center, among others, of perpetrating one or more frauds against plaintiffs through various acts.  Defendants argue that the Complaint's "General Allegations" of 50 paragraphs are incorporated by reference into each cause of action so that each defendant is accused of uttering each misstatement set out in the complaint.  Defendants argue that these allegations leave them with no means of determining exactly what each of them is charged with saying or doing.

Plaintiffs argue that the Complaint alleges a series of fraudulent acts - a scheme - and that plaintiffs need only state a representative example of the fraud.  Plaintiffs state that the allegations are based on a pattern of fraud and conspiracy.

Not all incorporation of prior allegations by reference is unwarranted.  It is common practice to incorporate by reference in later claims for relief various allegations made in earlier claims (typically allegations as to jurisdiction, venue, parties, sequence of events).  Properly used, such incorporation promotes simple, concise pleadings.  *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001).

Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted.  This practice has been harshly criticized as a form of "shotgun pleading" that violates Rule 8's requirement of a "short and plain statement" and interferes with the court's ability to administer justice. *Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir. 2001).  In attacking such pleading, defendant has an obligation to move for a more definitive statement.  *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (Under the Federal Rules of Civil Procedure, a defendant faced with a complaint which incorporates each preceding paragraph, whether relevant or not, is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.)

Here, plaintiffs' Complaint is a form of shot gun pleading. Each of plaintiffs' claims for relief incorporates by reference each and all of the preceding allegations, whether the allegations are relevant or not.  Each subsequent claim incorporates all paragraphs which precede it.  For instance, the Second

1   Claim for Relief, Fraud in the Car Loans, incorporates by reference Paragraphs 1 through 81.  (Doc. 1,

2   Complaint ¶ 82.)   The incorporated paragraphs address capacity of each defendant, whether or not

3   involved in the Fraud in the Car Loans, and the fraudulent transactions involving the Mortgage

4   representations and injuries.  The fraudulent transactions related to the mortgages arguably are entirely

5   irrelevant to the Car Loan frauds.  This incorporation tactic is impermissible shot gun pleading.

6   Accordingly, the motion pursuant to Rule 12(e) will be granted.

7          **2.        The Requirement of Particularity**

8          Defendants argue that all the claims, which are based on alleged fraudulent conduct, are not plead

9   with particularity as required by Fed.R.Civ.P. 9.

10          In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

11   stated "with particularity." Fed.R.Civ.P. 9(b).  By requiring the plaintiff to allege the who, what, where,

12   and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in

13   sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory

14   and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.) (the

15   particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud (or

16   mistake) so that the defendant can prepare an adequate answer from the allegations."), *cert. denied*, 528

17   U.S. 874 (1999); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).  The

18   allegations must be "specific enough to give defendants notice of the particular misconduct which is

19   alleged to constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny

20   that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).  This

21   heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and

22   manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmtv Hosp.*

23   *v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).  Thus,

24   "allegations of fraud must be specific enough to give defendants notice of the particular misconduct

25   which is alleged to constitute the fraud charged so that they can defend against the charge and not just

26   deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)

27

28

1 (citation and internal quotations omitted).[3]

2    Under California law, the elements of actual fraud, which give rise to the tort action for deceit,

3 are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity

4 (or "scienter"); (3) intent to defraud, that is, to induce reliance; (4) justifiable reliance; and (5) resulting

5 damage.  *Lazar v. Superior Court (Rykoff-Sexton, Inc.),* 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d

6 981 (1996).

7    Defendants complain that the allegations are not specific enough to determine what they are

8 alleged to have said or done as part of the misrepresentations  The allegations of the misrepresentations

9 are too general to determine the conduct for which they are responsible.

10    Every transaction alleged to be fraudulent does not have to be detailed in the complaint.  In

11 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), plaintiff alleged fraud in that the company

12 substantially overstated its revenues by reporting consignment transactions as sales.  Defendant moved

13 to dismiss claiming that allegations of overstatement are not specific enough, because "the Complaint

14 does not allege the time, customer, amount, or other circumstances, of a single wrongful transaction of

15 any type."  The Court denied the motion to dismiss  finding that, "It is not fatal to the complaint that

16 it does not describe in detail a single specific transaction (i.e. shipment)." *Id.* at 627. The plaintiff must

17 set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff

18 must set forth an explanation as to why the statement or omission complained of was false or misleading.

19 *Cooper v. Pickett,* 137 F.3d at 625.

20    In facts very similar to this case, *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th

21 Cir.), *cert. denied,* 528 U.S. 874 (1999), the court dismissed a complaint for failure to fraud with

22 sufficient particularity.  In *Ackerman*, the court held that Rule 9(b)'s requirements were not met in an

23 action in which several hundred policyholders of an insurance company alleged that the company's

24 ────────────────

25    [3]The third and fifth claims for relief allege violations under the California Unfair Competition law and the federal
RICO law.  Defendant argues that plaintiffs' claims for violation of the California Unfair Competition Law and RICO are
26 wholly dependent on their defectively pled fraud claims.  As a threshold matter, Rule 9(b) applies to RICO fraud allegations,
including mail fraud.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Prods.,*
27 *Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989); *Edwards v. Marin Park, Inc.*, 356 F.3d
1058 (9th Cir.2004). Accordingly, these claims are not separately addressed and are included in the Court's discussion of the
28 fraud claims.

1   insurance agents persuaded them to use the cash values of their existing policies to pay premiums for

2   new, larger  policies. 172 F.3d at 469.  In order to make a complaint with hundreds of plaintiffs

3   manageable, the plaintiffs' lawyers grouped the plaintiffs according to the particular insurance agent with

4   whom each dealt. However, the complaint neither provided any dates on which any of the fraudulent

5   misrepresentations or omissions were made nor revealed exactly what each agent said to each plaintiff.

6   The Court found this pleading deficit: "Although the complaint alleges in general terms that the

7   defendants inspired, encouraged, and condoned [the fraudulent activities], it neither associates a

8   particular defendant with a particular set of statements (oral or written) ... nor specifies the contents of

9   those statements." 172 F.3d at 471.   Thus, the court held that fraud was not pled with sufficient

10   particularity, noting, inter alia, that the plaintiffs were not entitled to assume "that the agents' spiel was

11   fraudulent in every instance in which it was given." *Id.* at 470.    "[Y]ou can't get around the

12   requirements of the Rule just by joining a lot of separate cases into one." *Ackerman,* 172 F.3d at 469-70.

13       This is a case where different representations were made by different persons to different people

14   at different times.  Yet, the fraud allegations group all of the defendants together without specifying

15   which defendants engaged in which conduct. Here, the complaint groups all plaintiffs into the "Home

16   Mortgage Plaintiffs," and groups some or all of the defendants into the "Home Mortgage Defendants."[4]

17   In each claim for relief, the "Home Mortgage  Defendants" engaged in wrongful conduct to the "Home

18   Mortgage Plaintiffs."  Alternatively, the "Car Loan Defendants" engaged in wrongful conduct against

19   that "Car Loan Plaintiffs."[5]  The pleadings do not specifically identify which defendant engaged in what

20   in the fraudulent schemes.

21       Each plaintiff is required to plead the elements of his or her claims.  See *Bautista v. Los Angeles

22   County*, 216 F.3d 837, 840 (9th Cir. 2000). In *Bautista*, fifty-one plaintiffs alleged they had been

23   discriminated in employment.  The complaint alleged three claims for relief based on three types of

24   discrimination.  The plaintiffs collectively alleged that they were qualified for their positions and were

25   discriminated against by their employee, but the complaint did not set forth facts of each individual's

26

27       [4]  See Footnote number 1.

28       [5]  See Footnote number 2.

claim. After permitting one amendment, the court dismissed the complaint without leave to amend.  On

appeal, the Ninth Circuit upheld the finding that the complaint was deficient, but reversed the dismissal

because an another amendment may have cured the pleading deficiency.   The pleading deficiency was

that plaintiff's individual right to relief "depends upon proof of the operative facts giving rise to an

enforceable right in favor of that plaintiff."  *Id.*

As set out *supra*, a plaintiff alleging fraud "must state the time, place, and specific content of the

false representations *as well as the identities of the parties to the misrepresentation*."  *Schreiber Distrib.*

*Co. v. Serv-Well Furniture, Inc.*, 806 F.2d 1393, 1402 (9th Cir. 1986) (emphasis added).  In discussing

Rule 9(b) requirements in the corporate fraud context, the Ninth Circuit has explained:

> [A]llegations of fraud based on information and belief usually do not satisfy the particularity requirement under rule 9(b).  However, the rule may be relaxed as to the matters within the opposing party's knowledge.  For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all of the underlying facts.  In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded.  Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual.  To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, *where possible*, *the roles of the individual defendants in the misrepresentations* (Internal citations omitted).

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (emphasis added)(later

noting that "our discussion of...10(b)...claim applies to the...RICO claim as well.").  While the conduct

alleged states the time, place and content of some of the alleged false representations and the conspiracy,

the identities of the parties, and their individual role in the fraud and the conspiracy, are not alleged with

clarity or specificity.

Plaintiff cites *United States ex rel. Bledsoe v. Community Health Systems, Inc.* for the proposition

that where complex fraud claims are alleged, plaintiff need not plead each and every fraud transaction.

In *United States ex rel. Bledsoe v. Community Health Systems, Inc.,* 501 F.3d 493 (9th Cir. 2007), a relator

brought qui tam action under False Claims Act alleging that health care providers engaged in various

types of fraud that increased reimbursements that they received from Medicare and Medicaid.  The court

held that "examples that a relator provides will support more generalized allegations of fraud only to the

extent that the relator's examples are representative samples of the broader class of claims."

1    The distinction between the instant case and *Bledsoe* is that the court did not address numerous

2    different defendants who are alleged to have committed fraud.  The issue in *Bledsoe* was how detailed

3    the allegations of the fraud should be; it did not involve how particularized the allegations as to multiple

4    defendants must be.  Plaintiff must allege which defendants said what to whom as part of their

5    allegations of misrepresentation.  A complaint that attributes misrepresentations to all defendants,

6    lumped together for pleading purposes, is insufficient.

7    Plaintiffs cite *In re Equity Funding Corp. of America Securities Litigation*, 416 F.Supp. 161, 181

8    (D.C.Cal. 1976) for the proposition that plaintiff need only plead a representative example of the

9    recurring fraud.  However, the plaintiffs' factual allegations are not similar to the allegations in the *In*

10   *re Equity Funding Corp. of America Securities Litigation*.  In that case, plaintiffs set up categories of

11   defendants who engaged in specifically described conduct.  "[O]nce it has adequately identified a

12   particular defendant with a category of defendants allegedly responsible for some continuing course of

13   conduct, to plead more than the group conduct of the defendants."

14   Here, plaintiffs have not adequately set up categories of defendants and specifically alleged their

15   wrongful conduct.  Rather, plaintiffs group all defendants in one category and state they engaged in all

16   fraudulent conduct, which is stated in general language.

17   Accordingly, the motion to dismiss will be granted.  Plaintiffs request leave to amend.  Leave

18   to amend is freely given under the Rule 15.  Pursuant to Fed. R. Civ. P. 15, this Court "should freely give

19   leave when just so requires."  The initial pleading in this case was filed in state court before this action

20   was removed to federal court from state court.  Thus, plaintiffs should have an opportunity to conform

21   federal pleading standards.

22   **C.     Fifteenth Cause of Action for Harassment**

23   Defendants argue that the Court is prohibited by the First Amendment from adjudicating

24   plaintiffs' claims that they were wrongfully expelled from the church for exposing the debt cancellation

25   program.  (Doc. 7, Points and Authorities p.8-9.)  Defendants argue that this cause of action is barred

26   by the First Amendment's free exercise clause which prohibits courts from interfering in disputes about

27   excommunication of members and who will serve as ministers of clerical services.  *Tomic v. Catholic*

28   *Diocese of Peoria*, 442 F.3d 1036 (7th Cir 2006), *cert. denied,* 127 S.Ct. 190 (2006). Defendants argue

1    that under the First Amendment's Free Exercise clause, this Court does not have jurisdiction to

2    adjudicate disputes over a church's decision to expel a member or to excommunicate a person from its

3    ministry.

4          In *Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036 (7th Cir.2006), the court held that the

5    music director of a Catholic church could not maintain an age-discrimination suit against the church

6    because it was apparent that the church's defense would be that it had fired him not because of his age

7    but because of disagreement over the religious propriety of his musical choices.  To evaluate such a

8    defense--to determine, that is, whether it was sincere or pretextual--would require a court to weigh in

9    on issues of Catholic doctrine and practice. "Even if the suit does not involve an issue of religious

10   doctrine, but concerns merely the governance structure of the church, the courts will not assume

11   jurisdiction if doing so would interfere with the church's management."  *Id.* at 1038.

12         Plaintiffs argue that the fifteenth cause of action is not barred by the First Amendment.  Plaintiffs

13   distinguish *Tomic* on the grounds that the Tavarez plaintiffs were not employees of the Church, as was

14   the plaintiff in *Tomic*. Plaintiffs cite *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092 (1988) for the

15   proposition that religious belief is protected, but religiously motivated conduct is not protected by the

16   First Amendment.

17         The First Amendment's freedom of religion clauses bar civil courts from exercising jurisdiction

18   in cases involving a church's governance of "religious" or "ecclesiastical" matters. "These constitutional

19   concepts of religious autonomy which assure both free exercise and nonestablishment apply to state as

20   well as federal action through the incorporation of their principles into the Fourteenth Amendment due

21   process clause." *Schmoll v. Chapman Univ.* 70 Cal.App. 4th 1434, 1438, 83 Cal.Rptr.2d 426, 429, fn.

22   3 (1999). A court, however, can adjudicate disputes involving church property rights or torts or criminal

23   conduct by members of the clergy. *Molko v. Holy Spirit Ass'n*, 46 Cal.3d 1092, 1116–1117, 252

24   Cal.Rptr. 122, 136 (1988).  Where an internal church dispute involves a question of ownership or control

25   of church property which the civil courts can adjudicate by applying "neutral principles of law,

26   developed for use in all property disputes," the civil courts may properly decide the issues in controversy.

27   *Jones v. Wolf*, 443 U.S. 595, 599-605, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979); *Vukovich v. Radulovich*,

28   235 Cal.App.3d 281, 292, 286 CR 547, 554 (1991) ("regardless of how they characterize the gravamen

11

of their complaint, to show that the civil courts may exercise jurisdiction in this case plaintiffs must first show that the dispute turns on a present controversy over church property which may be decided by applying "neutral principles of law.") But where an internal church dispute turns on 'the resolution ... of controversies over religious doctrine and practice,' not on a property question resolvable under 'neutral principles of law,' the civil courts may not adjudicate the dispute. *Vukovich v. Radulovich*, 235 Cal.App.3d 281, 291, 286 Cal.Rptr. 547 (1991).

The allegations in the complaint allege in pertinent part as follows. In the fifteenth cause of action, plaintiffs Tavarez allege that defendants were "elders, members or clergy" in the Church. Plaintiffs Tavarez allege that the defendants knew that plaintiffs were being solicited for the debt elimination program. (Doc. 1, Complaint ¶167.) Plaintiffs allege that when plaintiffs Tararez found out the debt elimination program was a fraud, they reported it to the church elders and clergy, who told them to remain silent. (¶168.) They were then harassed and threatened by defendants, and told their son that he could not participate in Church ministry. Plaintiffs Tavarez also allege that defendant had a duty "to hire and train and to supervise personnel" to protect plaintiff and persons were improperly trained to protect plaintiffs. (¶172-173.) Plaintiffs allege that they have been harmed by severe emotional distress. (¶174.)

The conduct alleging harassment alleges conduct both outside and within ecclesiastical matters. The alleged wrongful conduct includes telling plaintiffs to keep silent about the mortgage transactions, interfering with customers of plaintiffs in their cleaning service business, calling plaintiffs' home and threatening plaintiffs, and pressuring the son for information. This conduct is not within the bounds of ecclesiastical matters. It involves conduct potentially wrongful as would occur in typical tort action. Neutral principles of law may be used to adjudicate this conduct.

Some of the allegations, however, cross the bounds of what this Court may adjudicate. Plaintiffs allege that defendants had a duty to hire and train personnel to protect church members and that those hired were improperly trained and supervised. (Doc. 1, Complaint ¶¶172-173.) Plaintiffs also allege that defendants harassed plaintiffs' son about a potential church ministry. (Doc. 1, Complaint ¶171.) As alleged, these matters address the governance and operation of church matters. The allegations are barred by the establishment and free exercise clauses of the First Amendment. Courts have also

1    recognized a constitutional constraint on interference with employment decisions related to selection and

2    termination of clergy or ecclesiastical leadership.  *See Silo v. CHW Medical Foundation*  27 Cal.4th

3    1097, 1107, 119 Cal.Rptr.2d 698, 705 (2002), and cases cited therein.  Accordingly, the motion to

4    dismiss is granted with leave to amend.  Leave to amend is granted to allege conduct not within religious

5    and ecclesiastical matters.

6

7                                              **CONCLUSION**

8            For the foregoing reasons, the motion to dismiss and motion for a more definitive statement is

9    GRANTED with leave to amend.  The Court ORDERS plaintiffs, no later than November 20, 2008, to

10   file a first amended complaint consistent with and in compliance with this Order.

11   IT IS SO ORDERED.

12   **Dated:    November 3, 2008**                      **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28