IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DESTFINO, et al., | CASE NO. CV-F-08-1269 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| WILLIAM KENNEDY, et al., | |
| Defendants. / | |

Pursuant to a notice filed on September 25, 2008, plaintiffs move to remand this case to Stanislaus County Superior Court on the basis of procedural deficiencies in the removal process. On October 16, 2008, defendants Courtesy Automotive Center and Courtesy Chevrolet Cadillac Suzuki filed an opposition. On October 20, 2008, defendant Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, filed an opposition. Plaintiffs filed a reply on October 23, 2008. At the request of the Court, plaintiffs submitted further supplemental briefing. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles. The complaint alleges that the defendants made misrepresentations to induce plaintiffs to enter into loans for either mortgages or car loans, or both.

The Complaint was originally filed in Stanislaus County Superior Court on May 2, 2008 and

1

removed to this Court on August 26, 2008 by defendants Courtesy Automotive Center and Courtesy Chevrolet Cadillac Suzuki. On October 9, 2008, Defendant Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. ("FDIC as Receiver"), substituted into the lawsuit for its predecessor in interest, defendant IndyMac Bank, F.S.B. ("IndyMac"). Also on October 9, 2008, the FDIC filed an Assertion of Removal Jurisdiction pursuant to 12 U.S.C. §1819(b)(2)(B). (Doc. 43.)

## ANALYSIS & DISCUSSION

**A.      Removal Principles and Procedures**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003). Generally, for federal question jurisdiction, removal to federal court requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." *Dahl v. Rosenfeld*, 316 F.3d at 1076 -1077.

Here, the complaint alleges a claim for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §1964( c). The Courtesy defendants removed the case based upon the existence of the federal question.

**B.      Arguments that the Removal by Courtesy was Untimely or Improper**

In their motion to remand, the plaintiffs argue that the case should be remanded because the removal was untimely, that the federal question is claim is not "direct and essential" and that state court has concurrent jurisdiction. The Court finds it unnecessary to reach these issues because of the removal jurisdiction based upon the defendant FDIC as receiver for IndyMac.

C.      **Removal of the Action by the FDIC**

The FDIC may remove any action to which it is a party in any capacity (except when it is appointed as receiver exclusively by appointment of state authorities and only interpretation of state law is involved). 12 U.S.C. § 1819(b)(2) (B). The FDIC has 90 days to remove, measured from the date suit is filed against it or from when it is "substituted as a party." 12 U.S.C. § 1819(b)(2)(B). A federal party having an independent statutory right to remove, such as the FDIC, can remove without the joinder of other defendants. *Davis v. FSLIC*, 879 F.2d 1288, 1289 (5th Cir. 1989).

There is no dispute but that defendant FDIC properly removed this action and the action is properly before this Court based on the FDIC's removal. Plaintiffs do not argue otherwise.

Plaintiffs argue that they are intending to dismiss the FDIC as receiver for IndyMac Bank and when that happens, defendant's jurisdictional arguments are moot.

However, postremoval changes do not oust the Court of jurisdiction. Removability is determined at the time the notice of removal was filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348–349 (1939). If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980) (diversity). If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). Dismissal of the federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims. *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986).

Here, removal jurisdiction was proper at the time of the removal. The potential of dismissal of a federal defendant does not oust this Court of jurisdiction.

The Court finds it unnecessary to address the remaining issues raised in the motion for remand, as the issue of the FDIC is dispositive of the Court's jurisdiction.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

**Dated:   November 5, 2008**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE