1
2
3
4          **IN THE UNITED STATES DISTRICT COURT**
5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
6
7   ROBERT DESTFINO, et al.,                     CASE NO. CV-F-08-1269 LJO DLB
8              Plaintiffs,                       **ORDER ON MOTION TO REMAND**
                                                 **(REMAINING ISSUES)**
9         v.
10  WILLIAM KENNEDY, et al.,
11             Defendants.
                                      /
12
13          On September 25, 2008, plaintiffs moved to remand this case to Stanislaus County Superior
14  Court on the basis of procedural deficiencies in the removal process.  On November 6, 2008, this Court
15  denied remand on the basis that defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver
16  for IndyMac Bank, had an independent right to remove the action. (Doc. 68.) In its opposition, plaintiffs
17  noted the potential dismissal of the FDIC from the action.  In ruling on the motion, the Court held that
18  dismissal of the FDIC in postremoval changes do not oust the Court of jurisdiction.  Accordingly, this
19  Court denied the motion to remand.
20          While the Court's denial of remand is dispositive based upon the facts before the Court, the
21  Court elects to turn to the remaining procedural issues that plaintiffs raised in their motion.  The Court
22  herein denies the motion to remand, regardless of the dismissal of the FDIC.
23  **A.      Concurrent Jurisdiction**
24          In plaintiffs' motion to remand, plaintiffs argue that the federal Racketeer Influenced and Corrupt
25  Organizations Act ("RICO")  (18 U.S.C. §1964c) claim is not "direct and essential" and that state court
26  has concurrent jurisdiction over the claim.
27          A state court's concurrent jurisdiction to hear certain federal claims does not prevent removal.
28  "Any civil action of which the district courts have original jurisdiction founded on a claim or right

                                            1

1  arising under the Constitution, treaties or laws of the United States *shall be removable* without regard

2  to the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (emphasis added).  Cases that could

3  have been commenced originally in federal court on federal question grounds can be removed from state

4  court.  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998).

5       Plaintiffs' claim for violation of RICO is based on the federal statute.  The Complaint alleges

6  conduct prohibited by RICO and injury to plaintiffs as a result of such conduct.  (Doc. 1, Complaint

7  ¶¶112-118.)  Indeed, plaintiffs seek one of the special remedies available under the RICO statutes, treble

8  damages.  Therefore, the RICO claim is a federal claim and which appears on the face of the complaint.

9       Plaintiffs argue that the case should be remanded to state court because the state court has

10  concurrent jurisdiction over the RICO action.  *Tafflin v. Levitt,* 493 US 455, 466–467, 110 S.Ct. 792,

11  799 (1990) (state courts have concurrent jurisdiction over RICO actions).

12       Concurrent jurisdiction over a federal question does not require this Court to remand an action

13  to state court which contains a federal claim.  Plaintiffs' action was subject to removal because it

14  contained a federal question.  A state court's concurrent jurisdiction to hear federal claims does not

15  prevent removal.  Thus, based on federal question jurisdiction, removal is proper.

16       Plaintiff cites to *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 839 (9th Cir. 2004)

17  which stated that a plaintiff is the "master of the complaint," and may "choose to have the cause heard

18  in state court" "by eschewing claims based on federal law." *Dynegy*, however, is distinguishable.  The

19  complaint in *Dynegy* did not state a claim under federal law, as does the complaint in this matter.

20  Regardless, the court upheld removal to federal court because, the complaint, while stated in state law

21  terms, sought to enforce federal tariffs for energy consumption.[1]

22       Likewise, here, the complaint sets out a federal claim - violation of RICO.  With the federal

23  claim, this court may properly exercise jurisdiction.

24       Further, this Court has supplemental jurisdiction over the state law claims.  *Brady v. Brown,*  51

25  _____

26  [1] Plaintiffs also cites to *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 498 (1985) for the proposition that allowing plaintiffs an initial choice of forum promotes Congress' intent that RICO is to be liberally construed to effectuate its remedial purposes.  *Sedima*, however, did not involve removal.  It involved an interpretation of the "remedial purposes" of RICO. "RICO was an aggressive initiative to supplement old remedies and develop new methods for fighting crime." *Sedima*, 473 U.S. at 498.  Thus, the remedial purposes of RICO do not mandate that this Court disregard proper removal.

F.3d 810, 815 (9th Cir. 1995), cited by defendants, affirmed the District Court's supplemental jurisdiction over state law claims related to the plaintiff's RICO claim. "The operative facts for both the RICO and the state law claims are the same actions described . . . There was thus a common nucleus of operative facts encompassing both the state and federal claims." *Id*. at 816. The Court therefore has supplemental jurisdiction if the claims arise from a common nucleus of operative facts.

Here, as in *Brady v. Brown*, all the claims for fraudulent conduct arise from the same operative facts as the RICO claim. Defendant fraudulently represented the Mortgage Elimination Trust Program and the automobile Loan Dismissal Program. Accordingly, this Court has supplemental jurisdiction over the state law claims.

**B.    "Unanimity:" All defendants Joining in Removal in a Multi-Defendant Case**

Plaintiffs argue that of the forty (40) defendants in this action, the notice of removal is only as to Courtesy and not on behalf of the other defendants. In their reply, plaintiffs argue that not all of the served defendants have joined in the removal of this action.

The removal statute, 28 U.S.C. § 1446(b), provides:

> "(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

In general, defendant must file in the district court a notice of removal within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b). All defendants in the state action normally must join in the notice of removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998)*, cert. denied,* 525 U.S. 1001 (1998) and *abrogated on diff. grounds*, *Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006). When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (absent such explanation, removal notice is "facially deficient" and defect must be cured within 30 days to avoid remand.)

Here, not all defendants joined in the removal. After plaintiffs indicated, by way of declaration,

that other defendants had been served, this Court ordered plaintiffs to file the proofs of service regarding who had been served at the time of removal. (Doc. 62.) After the proofs of service were filed, the Court ordered defendants to respond to the proofs of service. (Doc. 65.) In defendants' response, defendants take the position of "how were we to know;" plaintiff never filed the proofs of service before removal.

Indeed, plaintiffs did not file the proofs of service, either in the state court action before removal or in this Court until ordered to do so. This is troubling for resolution on the "unanimity"issue. Since the proofs were not filed, there would have been no way for the removing defendants to know which other defendants needed to join in the removal. Evidence is presented that defense counsel checked the state court websites for the proofs. There is evidence that one of the defense counsel asked plaintiffs' counsel for the information and was either refused or ignored. (Doc. 45-2, Dec. Montie Day.) Plaintiffs never filed the proofs until ordered to do so.

In its reply, plaintiffs argue that not all defendants joined the removal and therefore remand is appropriate. Without the proofs of service, and without apparent cooperation, it is impossible for the defendants to comply with the procedural requirements of the removal statute.

A procedural defect, such as the one in this case, does not deny this Court of jurisdiction. A procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court. *Parrino v. FHP, Inc.*, 146 F.3d at 703. Here, the removal involves merely a procedural defect - failure to join all served defendants - but certainly an excusable failure. A federal court may exercise jurisdiction despite defects in the manner in which the removal was effected. Such defects are curable by amendment in federal court, as long as the case itself was removable (i.e., involving diversity or a federal question). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212–1213 (9th Cir. 1980) (objection waived when made after trial on the matter and upon appeal).

It is not required that all defendants actually sign the notice of removal, but those who do not sign should submit a written form of joinder by which they agree to the action taken on their behalf. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (insufficient merely to say codefendants do not object to removal). Another alternative may be written consent to removal from some person or entity purporting to act on a codefendant's behalf and having authority to do so (e.g., counsel for codefendant). *Getty Oil*

4

1  *Corp., a Division of Texaco, Inc. v. Insurance Co. of No. America*, 841 F2d 1254, 1262, fn. 11 (5th Cir.
2  1988).

3      Here, following the removal, other defendants, but not all of the defendants, filed "joinders" in
4  the removal.  On September 24, 2008, defendants Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig,
5  The Silver Trumpets, Judith Roderick joined in the removal.  On September 25, 2008, defendant Jerry
6  Cook joined in removal.  On September 26, 2008, defendants Glen Berteau, Debbie Berteau, Darryl
7  Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, Assemblies of God Church
8  joined in removal.

9      Plaintiffs submit the proofs of service for The Lost Sheep, Lyle E. Davies, Peter Kim, Susan
10  Kim, Darryl Lebarthe, Benjamin Wells, Nichole Klasuner, and Assemblies of Good Church.  These
11  defendants have not joined in removal.

12      Defendant have asked for leave to file an amended joinder with the remaining defendants. This
13  request will be granted.

14  **C.      Timeliness of Removal**

15      Plaintiff argues that the removal notice is untimely because it was not filed within 30 days of the
16  first served defendants.  Plaintiff states that three co-defendants were served on July 8, 2008.  The
17  petition for removal was not filed until August 26, 2008 more than 30 days after the service of the first
18  defendants.  Further, plaintiff argues that two other defendants answered in the state court action before
19  removal.

20      There is currently a split of authority on the construction of § 1446(b) when applied to multiple
21  defendants. Some courts hold the 30–day removal period runs for all defendants from the date the first
22  of the defendants is served with the original complaint. If that defendant fails to remove within 30 days,
23  later-served defendants cannot remove.  *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir.1986)
24  (adopting "first served" rule); *McAnally Enter.*, 107 F.Supp.2d at 1226-28 (collecting cases for both the
25  "first served" and "last served" rules and adopting the first served rule); *Teitelbaum v. Soloski*, 843
26  F.Supp. 614, 614 (C.D.Cal.1994) (first served -"Because all defendants must join [the § 1446(a)
27  motion], the 30-day period for removal [under § 1446(b) ] commences to run from the date the first
28  defendant receives a copy of the complaint.").

5

1    Other courts hold that later-served defendants have a full 30 days after service to remove despite

2    the fact that an earlier-served defendant failed to remove on the rationale that it would be unfair to

3    deprive them of an opportunity to remove because of an earlier-served defendant's inaction. *Brierly v.*

4    *Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir.1999) (applying "last-served" rule); *Ford*

5    *v. New United Motors Mfg.*, 857 F.Supp. 707, 709 (N.D.Cal.1994) (same).

6    Plaintiffs cite *United Computer Systems, Inc. v. AT & T Corp.*,298 F.3d 756, 762 (9th Cir. 2002)

7    for the proposition that the Ninth Circuit follows the "first served" rule.   While *United Computer*

8    *Systems*, is cited for the proposition that the 30 day removal period starts to run from the "first served"

9    rule, the Court did not so hold.  *United Computer Systems* noted the split of authority on the construction

10   of §1446:  "There is currently a split of authority on the construction of § 1446(b) when applied to

11   multiple defendants." *United Computer Systems* , 286 F.3d at 763 n.4 (citing cases).  The issue for the

12   court was whether defendants had been properly joined as parties, not whether they joined in removal.

13   Significantly, the Court did not adopt either rule, first served or last served: "Because proper resolution

14   of this issue requires that all defendants be properly joined, we express no opinion today on the propriety

15   of either rule." *Id.*   The court, however, acknowledged that the majority of courts follow the "first

16   served rule."  In the facts before *United Computer Systems,* a fraudulently joined defendant was served

17   first.  The corporate defendant was served after the 30-day time for removal expired.  The plaintiff

18   argued that the removal by the corporate defendant was therefore untimely.  The court rejected that

19   argument noting that "the corporate defendants' right to remove this case to federal court would be

20   extinguished before they were first notified of the existence of the lawsuit" and "would encourage unfair

21   litigation tactics."  *United Computer Systems*, 298 F.3d at 762.  This language was dicta but indicates

22   that the Ninth Circuit may agreed with the "last served rule", that is, until served with process, a

23   defendant has no cause to consider whether to remove an action to federal court.

24   This Court finds that the last date served in the proper interpretation.  A defendant should be

25   permitted its time to remove as calculated from the date of that defendants' service.  The removing

26   defendants, the Courtesy defendants, were served on August 1, 2008 (Doc. 1, ¶2.)  The Courtesy

27   defendants filed their petition for removal on August 26, 2008.  Accordingly, the petition was filed

28   within the 30 days of service of Courtesy defendants.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the motion to remand without prejudice. The procedural defect must be cured.  All defendants must join.  Therefore, the Court grants defendants' request to secure joinder of all defendants within 20 days of the date of service of this order.  If all defendants do not join within that time period, this Court will issue a new and different order.

IT IS SO ORDERED.

**Dated:    November 12, 2008          /s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

7