**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DESTFINO, et al., | CASE NO. CV-F-08-1269 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS** |
| v. | |
| WILLIAM KENNEDY, et al., | |
| Defendants. | |

Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Ona, Jeremy Johnson and Calvary Tempt Worship Center move pursuant to Rule 9(b) and 12(b)(6) to dismiss the plaintiffs' First Amended Complaint. While defendants' notice of motion is not specific as to the causes of action at issue in the First Amended Complaint, the motion argues the same grounds as in defendants' initial motion as to the original complaint. That motion challenged the fraud causes of action in the First, Second, Third, Fourth and Fifth Causes of action and the Eighth, Ninth, Tenth, Eleventh causes of action and the Fifteen cause of action for harassment. Defendants also move for a more definite statement under Fed.R.Civ.P. 12(e). Other of the defendants have joined in the motion. Plaintiff filed oppositions to the motion and the joinders on December 30, 2008. Movants filed a reply on December 31, 2008. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for January 12, 2009 is VACATED. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Factual Background**

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles. The First Amended Complaint ("FAC") alleges that the defendants made misrepresentations to induce plaintiffs to enter into loans for either mortgages or car loans, or both.

The Complaint was originally filed in Stanislaus County Superior Court on May 2, 2008 and removed to this Court on August 26, 2008. Following a motion to dismiss and for more definite statement by these same defendants, plaintiffs filed a First Amended Complaint ("FAC") on November 26, 2008. The Complaint contains 179 paragraphs. (Doc. 83, FAC.) The complaint alleges claims against 29 individuals, 10 business entities and a church. In the first 49 "general allegations," plaintiffs set out the capacity and residence of each defendant. In paragraph 50 of the Complaint, plaintiffs incorporate by reference all preceding paragraphs of the complaint. Plaintiffs categorize all plaintiffs as the "Home Mortgage Plaintiffs." (Doc. 83, FAC ¶51.) Next, plaintiff categories the "Home Mortgage Defendants" as collectively, <u>each</u> named defendant.[1] (Doc. 83, FAC ¶52.) Thereafter, conduct in the complaint is referred to as conduct by "Home Mortgage Defendants" against the "Home Mortgage Plaintiffs." The plaintiffs and defendants who were involved in car loans are categorized differently.[2] The complaint alleges fifteen claims for relief. At issue in this motion are the following claims:

- -     First - Fraud in Home Mortgages
- -     Second - Fraud in Automobile loans
- -     Third - Unfair Business practices for the home mortgages and automobile loans
- -     Fourth - Fraud in the Inducement in the home mortgages and automobile loans (or in the creation of Corporation Sole)

---

[1] The "Home Mortgage Plaintiffs" are all the plaintiffs. (Doc. 83, FAC ¶51.) The "Home Mortgage Defendants" are defendants Kennedy, American Legal Services, the Ear of Malchus, The Lost Sheep, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, R. Johnson, Her Copyright, Roderick Sese, Gentry Group, K. Johnson, Heineman, Scarlotta, New Century Mortgage Corporation, International Association of Corporation Sole, P.Kim, S. Kim, SKM Debt Services, Lalonde, Lebarthe, WB, Wee, Klausner, Financial Title, and Cook. (Doc. 83, FAC ¶52.)

[2] The "Car Loan Plaintiffs" are plaintiffs Michael Tavarez and Shawn Taverez. The "Car Loan Defendants" are Kennedy, The EAR of Malchus, American Legal Services, the Lost Sheep, Financial Freedom First, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, Courtesy Automotive Center, Group, Wells, Ault, Sing, P. Kim, S. Kim, SKM Debt Services Group. (Doc. 83, FAC ¶¶79, 80.)

1     - -    Fifth - Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1964( c))

2     - -    Ninth - Conspiracy to Commit Fraud

3     - -    Tenth - Intentional Misrepresentation

4     - -    Eleventh - Negligent Misrepresentation

5     - -    Fifteenth - Stalking.

**B.     Procedural History**

These moving defendants previously moved to dismiss and for a more definite statement on September 16, 2008 on the same grounds as in this current motion. (Doc. 9.)  In the earlier motion, defendants argued that the Complaint's "General Allegations" are incorporated by reference into each cause of action so that each defendant is accused of uttering each misstatement set out in the complaint, leaving them with no means of determining exactly what each of them is charged with saying or doing.  Defendants also argued that all the claims, which are based on alleged fraudulent conduct, are not plead with particularity as required by Fed.R.Civ.P. 9.

This Court granted the motion to dismiss and for a more definite statement.  The Court ruled that incorporation by reference of each allegation into subsequent causes of action was impermissible "shot gun pleading."  (Doc. 64, November 3, 2008 Order, pp. 5-6.)  In addition, the Court granted the motions for failure to plead fraud with particularity as required by Rule 9.  The Court found that different representations were made by different persons to different people at different times.  The Court ruled the Complaint was deficient because the fraud allegations grouped all of the defendants together without specifying which defendants engaged in which conduct.

Finally, the Court ruled on the fifteenth cause of action for harassment.  The Court partially granted and partially denied the motion because the conduct alleging harassment alleged conduct both outside and within ecclesiastical matters.  The First Amendment's free exercise clause prohibits courts from interfering in disputes about the governance and operation of church matters.  These allegations are therefore barred by the establishment and free exercise clauses of the First Amendment.

Plaintiffs filed their FAC on November 26, 2008. Defendant argues that the FAC fails to address and correct the improper shot gun pleading criticized by this Court with respect to the original complaint.

Defendant also argues that the FAC fails to comply with the Court's order to allege fraud with particularity and to eliminate the nonjudicable allegations from the fifteenth cause of action.

**ANALYSIS AND DISCUSSION**

**A.  Motion To Dismiss Standards**

   **1.  Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

   **2.  Rule 12(e)**

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Motions for more definite statement are viewed with disfavor, and are rarely granted. *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (ED PA 1986).

**B.  Fraud Claims**

   **1.  Standards of Pleading**

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with F.R.Civ.P. 8(a)(2), a plaintiff "must plead

4

a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, __ U.S. __, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

The FAC alleges causes of action based upon fraud.  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity." Fed.R.Civ.P. 9(b).  By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.) (the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations."), *cert. denied*, 528 U.S. 874 (1999); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).  Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).[3]

---

[3] The third and fifth claims for relief allege violations under the California Unfair Competition law and the federal RICO law.  Defendant argues that plaintiffs' claims for violation of the California Unfair Competition Law and RICO are wholly dependent on their defectively pled fraud claims. As a threshold matter, Rule 9(b) applies to RICO fraud allegations,

5

A heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996). "If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated." *Id.* A complaint may state fraud claims with specificity <u>and</u> comply with Rule 8's requirement of simplicity, directness and clarity.

### 2. Failure to Comply with the Pleading Standards

Defendants argue that the FAC continues to accuse the eight moving defendants, among others, of perpetrating one or more frauds against plaintiffs through various acts. Defendants argue that the FAC's "General Allegations" of 49 paragraphs are incorporated by reference into each cause of action. In addition, each and every allegations of fraudulent conduct, fraudulent statements and fraudulent conspiracy (FAC ¶¶50-70) are incorporated into each cause of action. (See Doc. 83, FAC ¶¶96, 101, 107, 114, 117, 122, 127, 132, 137 and 146.) Defendants argue that these allegations continue to leave them with no means of determining exactly what each of them is charged with saying or doing.

Plaintiffs argue that the FAC alleges a series of fraudulent acts - a scheme. Plaintiffs argue that for each cause of action, plaintiffs reduced the incorporations by reference by including only specific paragraphs of other violations relevant to that cause of action, or basic background information which would be both burdensome and cumbersome to include in repetition. (Doc. 95, Opposition p. 5.)

As noted by the Court in its prior order, not all incorporation of prior allegations by reference is unwarranted. It is common practice to incorporate by reference in later claims for relief various allegations made in earlier claims (typically allegations as to jurisdiction, venue, parties, sequence of events). Properly used, such incorporation promotes simple, concise pleadings. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001).

Allegations, however, which incorporate each preceding paragraph, regardless of relevancy, are not permitted. This practice has been harshly criticized as a form of "shotgun pleading" that violates

---

including mail fraud. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989). Accordingly, these claims are not separately addressed and are included in the Court's discussion of the fraud claims.

6

Rule 8's requirement of a "short and plain statement" and interferes with the court's ability to administer justice. *Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir. 2001). In attacking such pleading, defendant has an obligation to move for a more definitive statement. *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996) (Under the Federal Rules of Civil Procedure, a defendant faced with a complaint which incorporates each preceding paragraph, whether relevant or not, is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.)

Here, the FAC modifies the incorporation by reference from the allegations of the original complaint. In the original complaint, each of plaintiffs' claims for relief incorporated by reference each and all of the preceding allegations, whether the allegations were relevant or not. Basically, the original complaint incorporated all paragraphs which preceded each claim. In the FAC, however, plaintiffs marginally reduced the incorporations by reference. For instance, the Second Claim for Relief, Fraud in the Car Loans, incorporates by reference the background allegations, ¶¶1-49. (Doc. 83, FAC ¶77.) The Fourth Cause of Action, for fraud in the inducement, incorporates paragraphs 1 through 70, which includes the general allegations and all of the alleged fraudulent statements and conduct related to the home loans. Each subsequent cause of action also incorporates paragraphs 78 through 90, which are the fraudulent statements and conducts in the car loans. In the other causes of action, the incorporations by reference are similarly stated. Each cause of action incorporates the background allegations and the fraudulent statements and conduct. Unlike the original complaint, the FAC attempts to incorporate by reference only the factual basis for the cause of action, and not each and every preceding allegation. *Strategic Income Fund, LLC v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (A typical "shotgun" pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." ) Thus, the FAC incorporates the parties capacities and the factual basis for the fraud into each cause of action.

Defendants Glen Berteau argue that the FAC is nonetheless a shotgun pleading because each defendant is named in the "general allegations," which are incorporated into each cause of action, and

as such, are "shot gunned' into every cause of action. (Doc. 86-2, p.4.)

Plaintiff argues that each defendant is alleged to have made each and every statement. Plaintiff argues that this allegation cures any deficiency in the pleading because each defendant knows he/she/it made each false statement. For instance, the FAC alleges that "the representations made by each of the Home Mortgage Defendants to each of the Home Mortgage Plaintiffs was <u>identical or substantially similar</u>."[4] (Doc. 83, FAC ¶61(emphasis added).)

Defendants' argument, however, has merit. Each defendant is named in each cause of action. Each defendant is alleged to have engaged in the every fraudulent activity. Every fraudulent activity is incorporated into every cause of action. Thus, plaintiffs allege that each defendant did everything. While naming each defendant in the cause of action does not create lack of specificity, each defendant is alleged to have engaged in each and every fraudulent conduct and to have uttered each and every fraudulent statement. It is difficult if not impossible to determine which false statements and fraudulent conduct are attributed to any particular defendant.

Pleading of this "shotgun" nature fails to comply with Rule 8. In *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), the Court identified a shotgun complaint as one ignoring the "short and plain statement" requirement by identifying multiple defendants and charging all defendants in each count. In *Magluta*, the complaint alleged four causes of action against fourteen defendants who were charged in each cause of action. The Court held that indiscriminately charging each defendant fails to comply with Rule 8. "The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged." As stated by the Court, a shotgun complaint "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [various] defendants charged, though <u>geographic and temporal realities</u> make it plain that all of the defendants could not have participated in every act complained of." *Id.* (Emphasis added.)

This case is a prime example of a variation of shotgun pleading. Here, plaintiffs argue in their

---

[4] Plaintiff argues that all that is required is that a pleading need only give a defendant sufficient notice to answer the complaint, citing *Qwest Communications Corp. v. Herakles, LLC,* 2008 WL 783343, 3 (E.D.Cal. 2008). *Qwest*, however, did not deal with shotgun pleading. Thus, Qwest is not persuasive.

oppositions and allege in the FAC that every defendant did the exact same conduct and said the exact same misrepresentations. However, plaintiffs' very allegations belie the possibility of such similarity of conduct. The FAC alleges a complicated scheme of fraudulent activity of creating a "shell" tax shelter corporation to hold plaintiffs' properties and inducing plaintiffs to participate in the scheme. In furtherance of the scheme, plaintiffs were induced to transfer their property to the shell corporation. Legal documentation was prepared, tax advice given, mortgage and loan documentation prepared, and church encouragement given, among other activities, in furtherance of the fraudulent scheme. The named defendants run the gambit from church elders to tax advisors to mortgage consultants to car dealers and brokers. Some of the defendants reside inside California and some of the defendants outside of California. Some of the defendants are natural persons and others are associations or corporations. The scheme occurred over an extended, three year period. As noted by *Magluta*, geographic and temporal realities make it plain that all of the defendants could not have participated in every act complained of. Thus, due to the complexity of the scheme, the varying roles of the defendants, the longevity of the scheme, the Court finds it is not possible that every defendant engaged in every fraudulent statement and every fraudulent alleged act.

### 3. Effect of Shotgun Pleadings and Lack of Specificity

Such pleading is not only unhelpful and poorly drafted, but, as admonished by the Eleventh Circuit, should be avoided because "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 367 (11th Cir.1996); *Abrams v. CIBA Specialty Chemicals Corp.*, 2008 WL 4183344, 4 (S.D.Ala. 2008) ("Simply put, then, the problem with a shotgun pleading is that it prevents the parties and the court from understanding what the case is really about because the pleadings are cluttered with irrelevant and unrelated facts. The consequence is that discovery becomes a fool's errand in which parties seek out facts relating to claims whose parameters are so fuzzy, amorphous and ill-defined as to be utterly indeterminate."). It is not just for the parties that shotgun pleadings are onerous. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006) ("shotgun pleadings wreak havoc on the judicial system"); *Davis v.

1  *Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 (11th Cir. 2008) (shotgun pleadings inexorably broadens the scope of discovery; shotgun pleadings lessen the time and resources the court has available to reach and dispose of the cases, among other problems).

4  In facts very similar to this case, *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th Cir.), *cert. denied,* 528 U.S. 874 (1999), the court dismissed a complaint for failure to fraud with sufficient particularity. In *Ackerman*, the court held that Rule 9(b)'s requirements were not met in an action in which several hundred policyholders of an insurance company alleged that the company's insurance agents persuaded them to use the cash values of their existing policies to pay premiums for new, larger policies. 172 F.3d at 469. In order to make a complaint with hundreds of plaintiffs manageable, the plaintiffs' lawyers grouped the plaintiffs according to the particular insurance agent with whom each dealt. However, the complaint neither provided any dates on which any of the fraudulent misrepresentations or omissions were made nor revealed exactly what each agent said to each plaintiff. The Court found this pleading deficit: "Although the complaint alleges in general terms that the defendants inspired, encouraged, and condoned [the fraudulent activities], it neither associates a particular defendant with a particular set of statements (oral or written) ... nor specifies the contents of those statements." 172 F.3d at 471. The court held that "plaintiffs were required to specify which defendants said what to whom and when." *Id.* Thus, fraud was not pled with sufficient particularity, noting, inter alia, that the plaintiffs were not entitled to assume "that the agents' spiel was fraudulent in every instance in which it was given." *Id.* at 470. "[Y]ou can't get around the requirements of the Rule just by joining a lot of separate cases into one." *Ackerman,* 172 F.3d at 469-70.

21  Here, plaintiffs argue that the FAC alleges that the exact same misrepresentations were made by each defendant. The FAC states: "The representations made by each of the Home Mortgage Defendants to each of the Home Mortgage Plaintiffs was identical or substantially similar." (Doc. 83, FAC ¶61.) Plaintiffs argue that "there is no functional difference between alleging the misrepresentations and steps of the scheme and listing the Defendants who made the misrepresentations, versus restating the same misrepresentation separately again and again for each defendant." (Doc. 94, Opposition p. 7:19.)

27  As this Court has noted before and now finds, this is a case where different representations were made by different persons to different people at different times. Yet, the fraud allegations group all of

10

the defendants together without specifying which defendants engaged in which conduct. Here, the complaint groups all plaintiffs into the "Home Mortgage Plaintiffs," and groups some or all of the defendants into the "Home Mortgage Defendants."[5] In each claim for relief, the "Home Mortgage Defendants" engaged in wrongful conduct to the "Home Mortgage Plaintiffs." Alternatively, the "Car Loan Defendants" engaged in wrongful conduct against that "Car Loan Plaintiffs."[6] The pleadings do not specifically identify which defendant engaged in what in the fraudulent schemes.

Each plaintiff is required to plead the elements of his or her claims. See *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). In *Bautista*, fifty-one plaintiffs alleged they had been discriminated in employment. The complaint alleged three claims for relief based on three types of discrimination. The plaintiffs collectively alleged that they were qualified for their positions and were discriminated against by their employee, but the complaint did not set forth facts of each individual's claim. After permitting one amendment, the court dismissed the complaint without leave to amend. On appeal, the Ninth Circuit upheld the finding that the complaint was deficient, but reversed the dismissal because an another amendment may have cured the pleading deficiency. The pleading deficiency was that plaintiff's individual right to relief "depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff." *Id.*

As set out *supra*, a plaintiff alleging fraud "must state the time, place, and specific content of the false representations *as well as the identities of the parties to the misrepresentation*." *Schreiber Distrib. Co. v. Serv-Well Furniture, Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (emphasis added). While the conduct alleged states the time, place and content of some of the alleged false representations and the conspiracy, the identities of the parties, and their individual role in the fraud and the conspiracy, are not alleged with clarity or specificity.

Accordingly, the motion to dismiss will be granted. Plaintiffs request leave to amend. Leave to amend is freely given under the Rule 15. Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires." The Court recognizes the expense involved to the parties just at this, the

---

[5] See Footnote number 1.

[6] See Footnote number 2.

1  pleadings stage.  This Court, reluctantly, but at the suggestion of case precedent, will grant one last
2  opportunity to amend the complaint consistent with Rule 8 and Rule 9, as outlined by this order.  *See*
3  *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996) (court may give notice of final amendment and
4  require detail the court deems appropriate). A proper complaint states clearly how each and every
5  defendant is alleged to have violated plaintiffs' legal rights.  For instance, at a minimum, paragraphs 57
6  (overview of the scheme), 59 (statements and conduct constituting the fraud), 60 (representations of
7  truth) and 66 must set out which of the defendants made which of the fraudulent statements/conduct.[7]
8  Wholesale "everyone did everything" fails to comply with the Rules.

**C.     Fifteenth Cause of Action for Harassment**

Defendants renew the arguments that Fifteenth cause of action must be dismissed because it continues to contain allegations the Court cannot adjudicate under the First Amendment.  Specifically, defendants argue that the allegations of supervision and training of church personnel and harassment as to a church ministry remain in the complaint. (Doc. 83, FAC ¶¶171-173.)  Defendants argue that under the First Amendment's Free Exercise clause, this Court does not have jurisdiction to adjudicate disputes over a church's operation or its decision to expel a member or to excommunicate a person from its ministry.

The First Amendment's freedom of religion clauses bar civil courts from exercising jurisdiction in cases involving a church's governance of "religious" or "ecclesiastical" matters. "These constitutional concepts of religious autonomy which assure both free exercise and nonestablishment apply to state as well as federal action through the incorporation of their principles into the Fourteenth Amendment due process clause." *Schmoll v. Chapman Univ.* 70 Cal.App. 4th 1434, 1438, 83 Cal.Rptr.2d 426, 429, fn. 3  (1999).

In *Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036 (7th Cir.2006), the court held that the music director of a Catholic church could not maintain an age-discrimination suit against the church because it was apparent that the church's defense would be that it had fired him not because of his age

---

[7] Plaintiffs must make similar, more specific allegations changes in the remaining causes of action.

but because of disagreement over the religious propriety of his musical choices. To evaluate such a defense--to determine, that is, whether it was sincere or pretextual--would require a court to weigh in on issues of Catholic doctrine and practice. "Even if the suit does not involve an issue of religious doctrine, but concerns merely the governance structure of the church, the courts will not assume jurisdiction if doing so would interfere with the church's management." *Id.* at 1038.

Plaintiffs argue that the allegations of the Church operations are not offered to show how the Church should have operated, but are "offered to knowledge of the Church of activities giving rise to the harassment." (Doc. 94, Opposition p. 10-11.)

Plaintiffs allege that when plaintiffs Tararez found out the debt elimination program was a fraud, they reported it to the church elders and clergy, who told them to remain silent. (¶168.) They were then harassed and threatened by defendants, and told their son that he could not participate in Church ministry. Plaintiffs Tavarez also allege that defendant had a duty "to hire and train and to supervise personnel" to protect plaintiff and persons were improperly trained to protect plaintiffs. (¶172-173.) Plaintiffs allege that they have been harmed by severe emotional distress. (¶174.)

Contrary to plaintiffs' argument, these allegations are more than background allegations. The FAC seeks damages for the conduct: "[a]s a direct, legal and proximate cause of the conduct by Defendants and each of them, Defendants hurt and injured in their health, strength and activity, sustaining severe emotional distress . . ." (Doc. 83, FAC ¶174.) Thus, these allegations are nonjudicable.

This Court has already ruled, in the prior Order on the motion to dismiss, that the allegations which address the governance and operation of church matters are barred by the establishment clause. (Doc. 64, November 3, 2008 Order p.12.) As alleged, these matters address the governance and operation of church matters. The allegations are barred by the establishment and free exercise clauses of the First Amendment. Courts have also recognized a constitutional constraint on interference with employment decisions related to selection and termination of clergy or ecclesiastical leadership. *See Silo v. CHW Medical Foundation* 27 Cal.4th 1097, 1107, 119 Cal.Rptr.2d 698, 705 (2002), and cases cited therein.

Pursuant to Rule 12(f), a court "may act on its own" to strike allegations. As these allegations

are nonjudicable, the Court strikes ¶172 and 173 and the allegation that "defendants confronted and harassed plaintiffs Tavarez son, Keith Tavarez, in 2007 by informing him that Keith would never be able to participate in ministry work anywhere else."

### **CONCLUSION**

For the foregoing reasons, the Court Orders as follows:

1. Plaintiffs' First Amended Complaint does not provide defendants with a fair opportunity to frame a responsive pleading, and therefore, defendants' motion to dismiss is GRANTED.

2. The Court, sua sponte, STRIKES ¶172 and ¶173 of the First Amended Complaint and STRIKES the allegation that "defendants confronted and harassed plaintiffs Tavarez son, Keith Tavarez, in 2007 by informing him that Keith would never be able to participate in ministry work anywhere else."

3. Plaintiffs, no later than February 9, 2009, to file a second amended complaint consistent with and in compliance with this Order.

IT IS SO ORDERED.

**Dated:   January 7, 2009**                          /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE