1

2

3

4

5

6

7                      **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10    ROBERT DESTFINO, et al.,                       CASE NO. CV-F-08-1269 LJO DLB

11              Plaintiffs,                          **ORDER ON DEFENDANTS' SECOND**
                                                     **MOTION TO DISMISS**
12         v.

13    WILLIAM KENNEDY, et al.,

14              Defendants.
      _____/
15

16         By notice filed on February 11, 2009, defendants Courtesy Oldsmobile-Cadillac, Inc. d/b/a

17    Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells move

18    pursuant to Rule 9(b) and 12(b)(6) to dismiss the plaintiffs' Second Amended Complaint and seek

19    sanctions pursuant to 28 U.S.C. §1927. Various of the defendants either joined in the motion or

20    separately moved to dismiss.  See Doc. 115, 117, 118, 119 and 120 (motion). Defendants Glen Berteau,

21    Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, and

22    Assemblies of God Church joined in the Courtesy motion on February 12, 2009. (Doc. 115.) Defendant

23    Darryl Lebarthe joined in the motion on February 17, 2009.  (Doc. 117.)  Defendant Jerry Cook joined

24    in the motion on February 18, 2009.  (Doc. 118.)  Defendants Effie Reiswig, Rita I. Johnson, Kenneth

25    L. Reiswig, The Silver Trumpets, Judith Roderick joined in the motion and separately moved to dismiss

26    and requested sanctions on February 18, 2009. (Doc. 119-120.)  The defendants join in arguing that the

27    Second Amended Complaint alleges the same defective allegations that this Court twice has already

28    dismissed.  Plaintiffs filed oppositions to the motion and the joinders on March 6, 2009. (Doc. 124 to

                                                    1

128.)  Defendants filed replies on March 10, 11 and 12, 2009.  (Doc. 134, 139 and 140.)  Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument.  Therefore, the hearing set for March 23, 2009 is VACATED.  Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles.  The Second Amended Complaint ("SAC") alleges that the defendants made misrepresentations to induce plaintiffs to enter into loans for either mortgages or car loans, or both.

The Complaint was originally filed in Stanislaus County Superior Court on May 2, 2008 and removed to this Court on August 26, 2008.  The current motion is the third motion attacking the same allegations.

**A.      The First Motion to Dismiss**

In the first of two, prior motions to dismiss, these moving defendants moved to dismiss on September 16, 2008.  (Doc. 9.)  Defendants argued that the Complaint's "General Allegations" were incorporated by reference into each cause of action so that each defendant is accused of uttering each misstatement set out in the complaint, leaving them with no means of determining exactly what each of them is charged with saying or doing.   Defendants also argued that all the claims, which are based on alleged fraudulent conduct, are not plead with particularity as required by Fed.R.Civ.P. 9.

The Court granted the motion to dismiss.  The Court ruled that  incorporation by reference of each allegation into subsequent causes of action was impermissible "shot gun pleading."  (Doc. 64, November 3, 2008 Order, pp. 5-6.)  In addition, the Court granted the motions for failure to plead fraud with particularity as required by Rule 9.  The Court found that different representations were made by different persons to different people at different times.  The Court held, "Plaintiff must allege which defendants said what to whom as part of their allegations of misrepresentation.  A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, is insufficient."  (Doc. 64, November 3, 2008 Order, p. 10.)  The Court ruled the Complaint was deficient because the fraud allegations grouped all of the defendants together without specifying which defendants engaged in which conduct.

2

1    **B.      Second Motion to Dismiss and the Subsequent Court Order**

2            Plaintiffs filed a First Amended Complaint on November 26, 2008.  A second motion to dismiss

3    followed on December 5, 2009, in which the other defendants joined. (Doc. 86-89.)  Defendants argued

4    that the First Amended Complaint ("FAC") failed to address and correct the improper shot gun pleading

5    criticized by this Court with respect to the original complaint.  Defendants also argued that the FAC

6    failed to comply with the Court's order to allege fraud with particularity.  The motion was granted.

7            In the order on the second motion to dismiss, the Court specifically outlined the FAC's

8    deficiencies. First, the Court found that "this is a case where different representations were made by

9    different persons to different people at different times."  (Doc. 103, Order p. 10-11.)  Yet, the fraud

10   allegations continued improperly to group all of the defendants together without specifying which

11   defendants engaged in which conduct.  As the Court noted:

12                      "Each defendant is named in each cause of action.  Each defendant is
                        alleged to have engaged in the every fraudulent activity.  Every fraudulent
13                      activity is incorporated into every cause of action. Thus, plaintiffs allege
                        that each defendant did everything.  While naming each defendant in the
14                      cause of action does not create lack of specificity, each defendant is
                        alleged to have engaged in each and every fraudulent conduct and to have
15                      uttered each and every fraudulent statement.   It is difficult if not
                        impossible to determine which false statements and fraudulent conduct
16                      are attributed to any particular defendant."  (Doc. 103, Order p. 8.)

17   The Court described the case as:

18                      "a complicated scheme of fraudulent activity of creating a 'shell' tax
                        shelter corporation to hold plaintiffs' properties and inducing plaintiffs
19                      to participate in the scheme.  In furtherance of the scheme, plaintiffs were
                        induced to transfer their property to the shell corporation.  Legal
20                      documentation was prepared, tax advice given, mortgage and loan
                        documentation prepared, and church encouragement given, among other
21                      activities, in furtherance of the fraudulent scheme.     The named
                        defendants run the gambit from church elders to tax advisors to mortgage
22                      consultants to car dealers and brokers.  Some of the defendants reside
                        inside California and some of the defendants outside of California. Some
23                      of the defendants are natural persons and others are associations or
                        corporations. The scheme occurred over an extended, three year period."
24

25   Noting these complexities of the case and the varying roles of each of the defendants, the Court held that

26   "everyone did everything" is improper pleading.  "[D]ue to the complexity of the scheme, the varying

27   roles of the defendants, the longevity of the scheme, the Court finds it is not possible that every

28   defendant engaged in every fraudulent statement and every fraudulent alleged act." (Doc. 103, Order p.

1    9.)  The Court held that "[w]hile the conduct alleged states the time, place and content of some of the

2    alleged false representations and the conspiracy, the identities of the parties, and their individual role in

3    the fraud and the conspiracy, are not alleged with clarity or specificity."  (Doc. 103, Order p. 11.)

4         To assist plaintiffs in curing the improper allegations, the Court gave guidance on the specific

5    paragraphs which required modifications.  "A proper complaint states clearly how each and every

6    defendant is alleged to have violated plaintiffs' legal rights.  For instance, at a minimum, paragraphs 57

7    (overview of the scheme), 59 (statements and conduct constituting the fraud), 60 (representations of

8    truth) and 66 must set out which of the defendants made which of the fraudulent statements/conduct.

9    Wholesale 'everyone did everything' fails to comply with the Rules."  (Doc. 103, Order p. 12 (footnote

10   omitted).)

11        Given the scope of the deficiencies in the FAC, the Court granted the motions.  At the request

12   of plaintiffs for leave to amend, the Court granted leave to amend.  "This Court, reluctantly, but at the

13   suggestion of case precedent, will grant one last opportunity to amend the complaint consistent with

14   Rule 8 and Rule 9, as outlined by this order."  (Doc. 103, Order p. 12.)

15   **C.      The Amendments in the SAC**

16        The SAC was filed on February 9, 2009. (Doc. 112, SAC.)  Plaintiffs amended the SAC by

17   describing each defendant's job function within the fraudulent scheme. (Doc. 124, Plaintiffs Opposition

18   p.5.)  Plaintiffs revised paragraphs 1 through 49 of the SAC by adding "the function and duties of each

19   defendant within the schemes."  For instance, for defendant Kenneth L. Reiswig, plaintiffs added

20   allegations of his function in the fraudulent schemes: "K. REISWIG was responsible for creating the

21   marketing and distribution plans to recruit new investors. K. REISWIG invited Plaintiffs Robert and Illa

22   Destfino to his and Co-Defendant EFFIE REISWIG's home to give a sales pitch describing the benefits

23   of the Home Loan and Car Loan schemes plead below."  (Doc. 112, SAC ¶9.)  As another example,

24   plaintiffs revised the complaint to explain defendant Courtesy's function in the scheme: "COURTESY

25   was the vehicle used to obtain, sell, and finance new automobiles to purchases of the scheme. All

26   purchasers of corporations sole were direct by KENNEDY, K. REISWIG, and their employees to

27   purchase a car from COURTESY as COURTESY was familiar with processing loans and paperwork

28   to newly established corporations sole."  (Doc. 112, SAC ¶22.)  In another example, plaintiffs adds

4

allegations that defendant Glen Berteau "is the pastor and supervises all actions of Defendant Calvary Worship Center." (Doc. 112, SAC ¶37.)  Thus, in the General Allegations, plaintiffs modified the allegations to add the defendants' "function and duties."

### ANALYSIS AND DISCUSSION

**A.      Motion To Dismiss Standards**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

**B.      Fraud Claims**

**1.      Standards of Pleading**

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief."  To comply with F.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

The SAC alleges causes of action based upon fraud.  Each fraudulent allegation is incorporated into nearly every other cause of action.[1]  Thus, the entire complaint is based on fraudulent conduct.  In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity." Fed.R.Civ.P. 9(b).  By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.) (the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations."), *cert. denied*, 528 U.S. 874 (1999); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985); see also *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (same).  This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmtv Hosp. v. Antelope Valley Dist*., 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).

A heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity.  *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).  "If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated." *Id.*  A complaint may state fraud claims with specificity <u>and</u> comply with Rule 8's requirement of simplicity, directness and clarity.

---

[1] The First Cause of Action incorporates all of the General Allegations, para. 1-49.  The Second Cause of Action incorporates all of the General Allegations, para. 1-49.  The Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action incorporate the General Allegations, para. 1-49, and all of the fraudulent statements from the First Cause of Action.  In addition, each of these causes of action names "defendants and each of them" as persons responsible for the wrongful conduct.

1    **2.      Defendants contend that Plaintiffs failed to Amend the Complaint to Comply with**
2          **This Court's Order**

3          Defendants argue that plaintiffs failed to comply with the Court's January 8, 2009 order.
4    Defendants argue that plaintiffs did not allege any additional factual allegation necessary to plead their
5    fraud claims with requisite particularity.  Defendants allege that plaintiffs merely repeat the allegations
6    that "everyone did everything."

7                    **(a)      Arguments by the Courtesy defendants**

8          The Courtesy defendants are named in the following causes of action: Second (Car Loan Fraud),
9    Third (Unfair Business Practices), Fourth (Fraud in the Inducement, Five (Unjust Enrichment), Seven
10   (Conversion), Eighth (Conspiracy), Ninth (Intentional Misrepresentation), Tenth (Negligent
11   Misrepresentation) and Eleventh (Breach of Implied Covenant of Good Faith). As to the Courtesy
12   defendants, plaintiffs amended the complaint in paragraphs 22 and 24 to allege some specific
13   information about the role of the defendants.  Defendants argue that the SAC realleges the same factually
14   deficient allegations which this Court has ruled are defective under Rule 9(b).  The only substantive
15   change is the plaintiffs have deleted the Fifth Cause of Action under the Racketeer Influenced and
16   Corrupt Organizations Act ("RICO") (18 U.S.C. §1964( c)).  But these allegations do not cure the
17   "everyone did everything" allegations against the Courtesy defendants.  The allegations do not allege
18   any specific fraudulent act by the Courtesy defendants or any new facts in support of the claims.

19         Plaintiff argues that this Court's prior orders requested clarification of each defendants actions
20   within the scheme.  Plaintiffs read the Court's order that the description of the schemes was sufficient
21   but what each named defendant did within the schemes needed clarification.  (Doc. 124, Opposition to
22   Courtesy p.5.)

23                    **(b)      Arguments by the Defendants Berteau**

24         Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones,
25   Robert Ona, Jeremy Johnson, and Assemblies of God Church dba Calvary Temple Worship Center,

26
27
28

                                                    7

1    argue the SAC did not cure the deficiencies of the First Amended Complaint.[2]  The General Allegations

2    regarding these Defendants, paragraphs 37 (Glen Berteau), 38 (Debbie Berteau), 39 (Darryl Turner), 41

3    (Michael Williams), 42 (Robert Jones), 43 (Robert Ona) and 44 (Jeremy Johnson) continue to be

4    incorporated into each of the causes of action.  The SAC continues to allege that each defendant acted

5    as the agent of every other defendant and that each defendant was the alter ego of every other defendant.

6    Thus, these defendant have no way of knowing what their alleged misconduct involved.  (Doc. 115,

7    Berteau joinder.)

8           Plaintiffs argue that these Defendants are named in different causes of action than are the

9    Courtesy defendants.  (Doc. 127, Opposition to Berteau.)  Plaintiffs argue that the Church defendants

10   are not named in the fraud causes of action, but are named for negligence and intentional infliction of

11   emotional distress stemming from knowingly allowing and encouraging the schemes to be marketed and

12   sold through and to church members.  (Doc. 127, Opposition to Berteau, p. 4.)

13                      **( c)     Argument by Defendant Labarthe**

14          Defendant Labarthe echoes the arguments of defendant Berteau.  The general allegations, naming

15   each defendant, are incorporated into each cause of action and the SAC alleges each defendant is either

16   the agent of one another or the alter ego of one another.  Defendant Labarthe argues that the general

17   allegation as to him is incorporated into other causes of action, such as the home loans fraud, car loan

18   fraud, unfair competition, and so forth.  (Doc. 117, Labarthe joiner, p. 2.)  Defendant Labarthe argues

19   that there is no specific allegation as to what he is alleged to have done in the fraudulent scheme.

20          Plaintiff argues that the complaint alleges that the home loan fraud scheme alleges Labarthe

21   forged loan documents allowing the plaintiffs to refinance their homes.  In the general allegations,

22   plaintiffs allege:

23            LEBARTHE was responsible for forging loan documents and income
              statement of customers to get loans approved with lenders. LEBARTHE
24            profited from the sales commissions for the processed loans and shared
              in the fees collected from new customers to the schemes." (Doc. 112,
25            SAC, ¶32.)

26   _____

27          [2] These defendants acknowledge in their opposition that they are the "Defendants Church" as referred to in the
     Second Amended Complaint, but "Defendants Church" is an undefined term in the Second Amended Complaint. (See Doc.
28   112, SAC, Twelfth Cause of Action, p.38.)

1    Plaintiff argues that Labarthe was the person who processed and forged the loan documents.

2               **(d)     Arguments of Defendants Roderick**

3          Defendants Judith Roderick, Kenneth L. Reiswig, Effie Reiswig, The Silver Trumpets and Duan

4    Johnson as representative of Rita I. Johnson, deceased, argue that the allegations are too general for a

5    response. They argue further that the allegations lack specificity against defendant Judith Roderick; she

6    is merely listed in a list of defendants. Defendants also argue the allegations against defendants Rita

7    Johnson and Kenneth Reiswig, Effie Reiswig and the Silver Trumpets are without specificity as to dates,

8    time and what was said by which person. (Doc. 120, Roderick defendants motion p.5-6.) They argue

9    that the allegations are made in bad faith because purported fraudulent correspondence by defendants

10   post dated the death of a defendant.

11         Plaintiffs respond that the allegations at these defendants are sufficient and any error can be

12   corrected by amendment.

13   **C.     The SAC Fails to Allege the Fraud Allegations with Particularity**

14         The SAC does not correct the pleading errors identified in the Court's order. The SAC modifies

15   the FAC by adding factual information to the General Allegations, para. 1-49, as described infra. The

16   causes of action themselves, however, are not modified in any respect. In each of the two orders this

17   Court has issued, the Court was careful to identify that pursuant to Rule 8 and 9, the alleged

18   misrepresentations were inadequately plead. The Court identified the standard for pleading a fraud

19   claim: the heightened pleading standard requires a pleader of fraud to detail with particularity the time,

20   place, and manner of each act of fraud, plus the role of each defendant in each scheme. (Doc. 64,

21   November 3, 2008 Order p.6.)

22         Plaintiffs argue that they complied with the Court's order to identify the "role" of each defendant.

23   Plaintiffs argue they added the factual information to the General Allegations. This argument, however,

24   artificially and narrowly construes this Court's order. In this Court's first order on a motion to dismiss,

25   the Court explicitly noted that the misrepresentations must be alleged as follows: "Plaintiff must allege

26   which defendants said what to whom as part of their allegations of misrepresentation. A complaint that

27   attributes misrepresentations to all defendants, lumped together for pleading purposes, is insufficient."

28   (Doc. 64, November 3, 2008 Order, p. 10.) In its second order, the Court dissected relevant case law

to explain the necessary pleading requirements.  For instance, the Court analyzed *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 471 (7th Cir.), *cert. denied,* 528 U.S. 874 (1999) and quoted the passage of what constitutes deficient pleading: "Although the complaint alleges in general terms that the defendants inspired, encouraged, and condoned [the fraudulent activities], it neither associates a particular defendant with a particular set of statements (oral or written) ... nor specifies the contents of those statements." (Doc. 103, Order p. 10.)  According to *Ackerman*, a fraudulent claim must associate a particular defendant with a particular set of statements and specify the contents of the statement.  The Court also explained that, "a plaintiff alleging fraud 'must state the time, place, and specific content of the false representations *as well as the identities of the parties to the misrepresentation*.'" (Doc. 103, Order p. 11 (emphasis in the Order), citing *Schreiber Distrib. Co. v. Serv-Well Furniture, Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).)  The Court went further and explicitly identified paragraphs which must be amended to identify the parties to the statements:

> "A proper complaint states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.  For instance, at a minimum, paragraphs 57 (overview of the scheme), 59 (statements and conduct constituting the fraud), 60 (representations of truth) and 66 must set out which of the defendants made which of the fraudulent statements/conduct." (Doc. 103, Order p. 12.)

The Court also cautioned that other similar paragraphs likewise must be amended.  (Doc. 103, Order p.12 n.3 ("Plaintiffs must make similar, more specific allegations changes in the remaining causes of action.").)  Thus, this Court's order explained the FAC's deficiency was failing to identify the statements that each defendant made which were the basis for the fraud claims.

The SAC continues deficiencies the Court specifically identified must be corrected.  First, the Court identified specific paragraphs which must be modified.  Yet, these paragraphs remain the same.  No change has been made to these paragraphs. Second, each and every defendants is incorporated into nearly every cause of action.  Each and every fraudulent statement is incorporated into each and every cause of action.

Plaintiffs argue that they understood that what "was missing was not the description of the activities of the scheme, but what roles each individual played to perpetrate the scheme." (Doc. 127, Opposition p. 5.)  Therefore, plaintiffs amended the complaint to allege each defendant's role in the

1    fraudulent scheme in the General Allegations.

2          It is not the "role" a defendant played in a scheme for which plaintiffs sue.  It is the fraudulent

3    statements which were made by defendants for which plaintiffs sue.  "But for" the particular statements,

4    plaintiffs allegedly would not have been harmed.  Plaintiffs do not sue the pastor's wife, Debbie Berteau,

5    because she is the pastor's wife.  Yet, that is her role.  (SAC ¶38.)  Plaintiffs do not sue K. Reiswig

6    because he was responsible for creating the marketing and distribution plans to recruit new investors.

7    Yet, that is his role.  (SAC ¶9.)  The role played by a defendant who is a car dealer, is not the same the

8    role played by a defendant who is a church elder.  The "role" a defendant played does not identify what

9    statements were made by that defendant and to which plaintiff.  Instead, every defendant continues to

10   be "bundled" up with every other defendant.  Plaintiffs have not identified who said what to whom.

11         It is simply impossible to tell which defendant is liable for which statement.  For instance, the

12   eighth cause of action alleges: "Beginning in 2004 and continuing, **Defendants, and each of them**,

13   agreed and knowingly and willfully conspired among themselves to defraud plaintiffs by knowingly and

14   intentionally transferring plaintiffs' real property and personal property into property belonging to

15   defendants."  (Doc. 112, SAC ¶121 (emphasis added).)  As to the Courtesy defendants, by way of

16   example, it is not possible to determine what these defendants did in the transfer of real and personal

17   property.  The Courtesy defendants are car dealers and the complaint fails to identify what they had to

18   do with real property and whether personal property is other than automobiles.

19         Plaintiffs argue that the allegations are sufficient for defendants to answer the complaint.

20   Plaintiffs argue that defendants can either admit or deny that they engaged in the fraudulent schemes,

21   or they can admit or deny that they encouraged the wrongful conduct.

22         Rule 9 requires pleading sufficient to permit defendants to defend against a claim of fraud.  "To

23   comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the

24   particular misconduct which is alleged to constitute the fraud charged so that they can defend against

25   the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d

26   1014, 1019 (9th Cir. 2001).  Here, the SAC neither gives the defendants sufficient notice of their

27   particular fraudulent conduct nor permits them to defend, unless they defend EVERYONE's alleged

28   fraudulent conduct.

1    Plaintiffs have again failed to comply with Rule 8 and 9 standards and failed to address the areas

2    specifically referred to by this Court.

3    **D.      Burden on the Court**

4    As this Court has already noted, it is not just for the parties that these pleadings are onerous.

5    *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir.2006) ("shotgun pleadings wreak

6    havoc on the judicial system"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 (11th Cir.

7    2008) (shotgun pleadings inexorably broadens the scope of discovery; shotgun pleadings lessen the time

8    and resources the court has available to reach and dispose of the cases, among other problems).  (Doc.

9    103, Order p.9-10.)  The failure to plead according to the requirements of Rule 9 makes the proceedings

10   onerous and unduly complicated.

11   The SAC in its current form will lead to broad discovery and other pretrial problems.  Indeed,

12   the first round of discovery will entail elementary questions of who said what to whom, among other

13   basic information.  The Federal Rules' restrictions on the amount of discovery will be need to be

14   broadened to permit discovery into basic information and the concomitant follow up discovery.  Given

15   the nature of this case and the proceedings to date, such discovery will hardly proceed unchallenged and

16   without conflict and possible delay.  The complaint alleges claims against approximately 29 individuals,

17   10 business entities and a church. The management of such a large discovery process will unnecessarily

18   engage judicial resources that are better directed to other judicial matters.  Further, similar complications

19   are envisioned in law and motion practice.  Thus, these pleadings create an undue burden on the Court.

20   Accordingly, the plaintiffs have failed to allege fraud with particularity. The motions as to these

21   moving and joining defendants will be granted without leave to amend.

22   **E.      Deletion of the RICO claim does not Divest this Court of Jurisdiction**

23   Plaintiffs deleted the federal question RICO claim in the SAC.  Plaintiffs have not argued that

24   the deletion of the sole federal question cause of action divest this Court of jurisdiction.  Nonetheless,

25   this Court addresses its jurisdiction.

26   In cases removed from state to federal court, the district court must look at the case at the time

27   of removal to determine whether it has subject matter jurisdiction.  Later changes to the pleadings do

28   not impact removal jurisdiction.  *Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243, fn.

2 (11th Cir. 2007); *see also Poore v. American–Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290–1291 (11th Cir. 2000).  As this Court has noted in its order on the request to remand, postremoval changes do not oust the Court of jurisdiction.  (Doc. 68.)  Removability is determined at the time the notice of removal was filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348–349 (1939).  If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980) (diversity).  If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990).  Accordingly, this Court retains subject matter jurisdiction.

**F.      Request for Sanctions**

The Courtesy defendants move the Court for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power.  (Doc. 113.)  In addition, defendants Judith  Roderick, Kenneth L. Reiswig, Effie Reiswig, The Silver Trumpets and Duane Johnson, as representative of Rita I. Johnson, deceased, request the same sanctions and gave notice under Rule 11(c)(2) that a motion for sanctions will be brought.

The Court grants the motion to dismiss without leave to amend as the sanction for the conduct in this matter.  The determination to sanction is subject to a court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996).   Further, the Court does not have a specific request for monetary sanctions before it, and therefore, attorneys fees and costs are not awarded.

## CONCLUSION

For the foregoing reasons, this Court grants the motions to dismiss as follows:

1.      The Second Amended Complaint is dismissed without leave to amend as to defendants Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells.

2.      The Second Amended Complaint is dismissed without leave to amend as to defendants Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, and Assemblies of God Church.

3.     The Second Amended Complaint is dismissed without leave to amend as to defendant Darryl Lebarthe.

4.     The Second Amended Complaint is dismissed without leave to amend as to defendant Jerry Cook.

5.     The Second Amended Complaint is dismissed without leave to amend as to defendants Effie Reiswig, Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick and Duane Johnson as representative of Rita I. Johnson, deceased.

IT IS SO ORDERED.

**Dated:     March 17, 2009**                              **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

14