IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT DESTFINO, et al., | ) | 1:08cv1269 LJO DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF |
| Plaintiffs, | ) | CERTAIN DEFENDANTS |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM KENNEDY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action, which involves claims of fraudulent activity relating to representations of financing for homes and automobiles, was removed from the Stanislaus County Superior Court on August 26, 2008. The action is proceeding on Plaintiffs' second amended complaint, filed on February 9, 2009.

By Plaintiffs' November 6, 2008, filing and the Court's March 18, 2009, order, numerous Defendants have been dismissed.[1] However, there is no proof of service as a majority of the remaining Defendants. Therefore, on March 24, 2009, the Court issued an order to show cause why these Defendants should not be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4.

---

[1] Plaintiffs filed a motion to reconsider the March 18, 2009, order, and the motion is currently pending. The outcome of the motion does not, however, affect this issues addressed in these Findings and Recommendation.

1

Plaintiffs filed a response to the order to show cause on April 10, 2009.[2] For the following reasons, the Court recommends that the Defendants specified below be dismissed from this action.

**DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In removal actions, the 120-day period begins to run on the date of removal to federal court. Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1053 (9th Cir.1987).

This action was removed on August 26, 2008. The 120-day period therefore began to run on August 26, 2008, and expired on December 26, 2008. The Defendants at issue were named in the original, removed complaint and were not added by later amendments.

In response to the order to show cause, Plaintiffs explained that for all but one of the Defendants at issue,[3] service could not be completed for a variety of reasons. Although service was attempted, Plaintiffs have not been able to locate a viable address for a majority of Defendants.

Plaintiffs have therefore failed to complete service within the 120-day period. In their response to the order to show cause, Plaintiffs argue that good cause exists for a 90-day continuance to serve the remaining Defendants by publication. Specifically, Plaintiffs believe that they have been diligent because they attempted service on all Defendants by August 2008, and where necessary, Plaintiffs' process server attempted to find a new, viable address.

The Court finds that good cause does not exist to excuse Plaintiffs' failure to timely serve. Good cause is generally equated with the "excusable neglect" standard under Federal Rule of Civil Procedure 6(b)(1)(B). In re Sheehan, 253 F.3d 507 (9th Cir. 2001); Boudette v. Barnette, 923 F.2d

---

[2] The Defendants dismissed by the March 18, 2009, filed an "objection" to Plaintiffs' response to the Court's order to show cause. However, those Defendants do not currently have standing to interject in the service issue.

[3] Plaintiffs indicate that The Lost Sheep was served on July 1, 2008, via certified mail to the believed agent for service, Rita Johnson. Plaintiffs intend to move for default judgment against The Lost Sheep. Issues with service, if any, will therefore be reserved for default proceedings.

754, 756 (9th Cir1991). Although Plaintiffs may have attempted service on all Defendants by August 2008, they have not set forth any subsequent, specific steps taken to locate Defendants and/or attempts to reserve. Instead, Plaintiffs submit vague and general descriptions of their attempts, and show no further efforts to serve after August 2008. In other words, Plaintiffs failed to make reasonable efforts throughout the 120-day period to complete service. Moreover, Plaintiffs did not move for additional time within the 120-day period, and only requested an extension after the Court issued the order to show cause. Under these circumstances, the Court cannot find that good cause exists for Plaintiffs' delay in service.

Where no good cause is shown, the Court has the discretion to dismiss without prejudice or to extend the time period. In re Sheehan, 253 F.3d at 512. Insofar as Plaintiffs request a 90-day continuance, they have not demonstrated any reason to believe that additional time would result in successful service. The request for a continuance should therefore be denied.

Accordingly, the Court recommends that the following Defendants be DISMISSED WITHOUT PREJUDICE for failure to serve in compliance with Rule 4:

> Danny V. Sese
> Gentry Group
> Jerome Webb
> Kurt F. Johnson
> D. Scott Heineman
> Tony Scarlotta
> New Century Mortgage Corporation
> Jeff Ault
> Vick Singh
> International Association of Corporation Sole
> Richard Lalonde
> WB Financial
> Financial Title Company

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that the above Defendants be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California.

3

Within thirty (30) days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated: **April 22, 2009**        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE