IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DESTFINO, et al., | CASE NO. CV-F-08-1269 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MOTION TO DISMISS** |
| v. | |
| WILLIAM KENNEDY, et al., | |
| Defendants. / | |

On April 6, 2009, plaintiffs filed their Motion for Reconsideration of the Court's March 18, 2009 order dismissing the Second Amended Complaint without leave to amend. (Doc. 142.) Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, Assemblies of God Church filed an opposition to the Motion for Reconsideration on April 10, 2009. (Doc. 158.) Defendants Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick filed an opposition on April 13, 2009. Defendants Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells filed their opposition on April 20, 2009. On April 22, defendant Darryl Lebarthe joined in opposition to the motion for reconsideration. Plaintiffs filed a reply on April 30, 2009. (Doc. 173.) Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for May 7, 2009 is VACATED. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

/////

1

**FACTUAL AND PROCEDURAL BACKGROUND**

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles. On March 18, 2009, this Court dismissed the Second Amended Complaint ("SAC") without leave to amend for failure to comply with Fed.R.Civ.P. 9, as more thoroughly described in the Court's order. (Doc. 141, "March 18 Order.") The Court dismissed all claims against each of the following defendants: Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, Assemblies of God Church (the "Berteau defendants"); Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick (the "Reiswig defendants"); Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells (the "Courtesy defendants").

Plaintiffs request the Court to reconsider the Court's order dismissing the SAC without leave to amend.

**ANALYSIS AND DISCUSSION**

**A. Standard of Review**

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). There may also be other, highly unusual, circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah County*, 5 F.3d at 1263. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999) (A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration), *cert. denied*, 529 U.S. 1129 (2000). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

Plaintiffs do not argue that reconsideration is appropriate because of newly discovered evidence or because of an intervening change in controlling law. The grounds upon which plaintiffs seek reconsideration is for any "other reason that justifies relief." See Fed.R.Civ.P. 60(b)(6).[1] (See Doc. 152-2 Memo of Points and Authorities p. 6.)

**A.  Plaintiffs' Argument of Inconsistencies Among Similar Cases**

    **1.  State Court Pending Cases**

Plaintiffs argue that this Court has ruled "inconsistently" with other related cases which are currently pending in State Court. As noted in this Court's initial order on the first motion to dismiss, some related plaintiffs filed two other similar or identical claims in state court. (Doc. 64 Order on Motion to Dismiss p. 2-3.) Each of those two cases was removed to federal Court: (1) *Mansu v. Kennedy et al.*, Eastern District of Californian-Sacramento, Case No. 2:08-CV-0212-WBS-DAD and (2) *Whaley v. Kennedy et al.*, Central District of California-Los Angeles, Case No. 5:08-CV-01159-VAP-JWJ.[2]

Plaintiffs argue that the instant case has taken a "dramatically different turn" than those two cases. Plaintiff notes that the other two cases were remanded back to the Superior Court and are proceeding towards trial. The *Whaley* case was remanded for lack of unanimous joinder by defendants and the untimeliness of removal. (Doc. 152-2, Memo of Points and Authorities p.7.) The *Mansu* case was remanded because the sole federal claim was dismissed by plaintiff and the Court exercised its discretion to remand. (Doc. 152-2, Memo of Points and Authorities p.7.) Plaintiff argues that the "holding of this Court has been inconsistent with the *Mansu* and *Whaley* cases." (Doc. 152-2, Memo of Points and Authorities p.7.)

Neither the *Mansu* case nor the *Whaley* case is controlling precedent. Both are District Court

---

[1] Rule 60(b) allows a district judge to provide relief from a final judgment or order if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b).

[2] Plaintiffs did not file a "notice of related cases" in this case. See Local Rule 83-123.

3

cases without controlling precedent. Moreover, neither of these cases is, or were, procedurally identical to the case before the Court. Rather, in each of the cases, the Court properly exercised its discretion based upon the facts and procedural posture currently before that court. This Court has considerable discretion whether to retain cases, as long as federal jurisdiction actually exists at the time of removal. *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). If a claim "arising under" federal law existed at the time of removal, the federal court has jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Nishimoto*, 903 F.2d 715. Dismissal of the federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims. *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986).[3]

### 2. Reconsideration of Motion to Remand

Plaintiffs' arguments indirectly request the Court to reconsider its decision denying the motion to remand. Plaintiffs argue that since the sole federal question was eliminated in the Second Amended Complaint, the case should have been remanded. Plaintiffs cite to cases which hold that a case should be remanded to state court after removal of all federal causes of action. (Doc. 152-2, Memo of Points and Authorities p.8-9.) Plaintiffs argue that the Second Amended Complaint contained only state causes of action which were decided by federal pleading standards.

Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state-law claims should be remanded to state court. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc). *Acri* holds that although the district court "may," under section 1367©, decline to exercise its supplemental jurisdiction in these circumstances, and ordinarily "should" dismiss the state law claims under *United Mine Workers v. Gibbs*, that "has never meant that they must be dismissed." *Acri*, 114 F.3d at 1000. A court is not

---

[3] In their reply brief, plaintiffs argue that the decisions in these other cases collaterally estop the defendants from arguing against this Court retaining jurisdiction. (Doc. 173, Reply p. 6-7.) Plaintiffs argue defendants should be estopped against opposing the remand in light of the two other District Court remands. The Court rejects plaintiffs' collateral estoppel argument. Offensive non-mutual collateral estoppel applies where (1) the issue sought to be litigated is sufficiently similar to the issue presented in an earlier proceeding and sufficiently material in both actions to justify invoking the doctrine, (2) the issue was actually litigated in the first case, and (3) the issue was necessarily decided in the first case. *Appling v. State Farm Mut. Auto. Ins. Co.,* 340 F.3d 769, 775 (9th Cir. 2003). The issue of collateral estoppel is another argument not raised previously in the motions. Further, even assuming collateral estoppel applies to procedural issues, plaintiffs have not shown that the other District Court cases were indeed at the same procedural posture as the instant case. Indeed, the Court has determined that these cases previously were different.

compelled to remand a case in which federal question jurisdiction existed at the time of removal if the federal claim is later dismissed. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise supplemental jurisdiction over state law claims after federal claim dismissed (unless dismissal was for lack of subject matter jurisdiction)), *cert. denied,* 541 U.S. 1041 (2004).

This Court denies reconsideration of the motion to remand. In orders on November 6, and November 12, 2008, this Court denied the motion to remand. Plaintiffs fail to identify any legitimate grounds for now reconsidering the denial of the motion to remand. The SAC, which eliminated the Federal RICO claim, was filed <u>after</u> the Court ruled on the motion to remand. (Doc. 68 and 73 (Orders on Remand) and Doc. 112 (SAC).) Plaintiffs did not renew or request the Court consider remand after plaintiff dismissed the Federal RICO claim. Thus, that procedural posture was not an issue before this Court. It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, – U.S. –, –S.Ct. –, 2009 WL 1174837, 3 (2009) (After dismissal of sole federal claim, a RICO claim, "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (court has discretion to retain jurisdiction over state law claims after dismissal of the federal RICO claim).

As addressed in this Court's orders on the motions to dismiss, the Court retained subject matter jurisdiction to consider the motions to dismiss. Further, the Court has an ongoing interest in ensuring compliance with its orders. Indeed, in this case, the Court had invested considerable time and effort to decide lengthy motions on complicated pleadings. *Harrell v. 20th Century Ins. Co.*, 934 F.2d at 206 (the interests of "economy, convenience, fairness and comity" indicate that the district court properly exercised its discretion to retain jurisdiction.) Plaintiffs failed to raise the appropriate arguments in the prior motions and therefore those arguments are improper matters for reconsideration. Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. *See Christie v. Iopa*, 176 F.3d 1231, 1239 n. 5 (9th Cir.), *cert. denied*, 528 U.S. 928 (1999).

/////

### 3. *Sua Sponte* Consideration of Subject Matter Jurisdiction

Plaintiff argues that the Court should reconsider its order because the issue of subject matter jurisdiction was raised by the Court and not by the parties in the initial motions to dismiss or in their oppositions.

In the Court's order to Dismiss the Second Amended Complaint, the Court considered whether it had jurisdiction to rule on the motion. The Court retains power to consider whether it has the jurisdiction to decide a case. *Matsuk v. INS*, 247 F.3d 999, 1000-01 (9th Cir. 2001) ("We have jurisdiction 'to determine whether jurisdiction exists.' "). A federal court always has power to determine its own subject matter jurisdiction. *United States v. United Mine Workers of America*, 330 U.S. 258, 291, 67 S.Ct. 677, 695 (1947). Contrary to plaintiffs' implication, the Court did not determine in the March 18 Order whether to remand the case to state Court without giving plaintiffs due process. Rather, the Court determined whether it may adjudicate the motion to dismiss in light of the dismissal of the federal claim. As part of the decision on the motion to dismiss was the finding the Court had subject matter jurisdiction. Thus, the Court properly considered whether it had subject matter jurisdiction. (See Doc. 141, March 18 Order p.12-13.)

### B. Plaintiffs' Argument for a Less Strict Application of Rule 9

Plaintiffs argue that the facts of this case support a less strict application of Rule 9.[4] In this regard, plaintiffs cite several cases in support of the proposition that pleading with particularity may be supplied "with great simplicity," citing *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541 (9th Cir. 1994); *U.S. Hempfling*, 431 F.Supp.2d 1069 (E.D.Cal. 2006); *Paulus v. Pac Sands, Inc.*, 2007 U.S. Dis. Lexis 66420 (E.D. Cal. 2007); *Cooper v. Pickett*, 137 F.3d 61 (9th Cir. 1997).

None of the cited cases is an intervening case changing controlling law. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) ("[ A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented . . . an intervening change in the controlling law.") All of the cases relied upon predate this Court's March 18, 2009 decision to dismiss the Second Amended Complaint without leave to amend. The cases are not

---

[4] Fed.R.Civ.P. 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity."

6

intervening changes of controlling law.

Plaintiffs re-argue the same position that they took in the three motions to dismiss. Their position was, and is reargued, that Rule 8 requires a short plain statement. Their position was, and is reargued, that they complied with Rule 8. Their position was, and is reargued, that they plead sufficient facts. (Doc. 152-2, Memo of Points and Authorities p. 11-12.) Plaintiffs use these cases to reargue positions previously considered and rejected by this Court.

**C.     Plaintiffs' Argument that a Summary Judgment Ruling was Created**

Plaintiffs argue that the dismissal without leave to amend has created a summary judgment ruling before discovery has begun. Plaintiffs argue that the complaint alleged sufficient facts and that discovery would permit the parties to discover the further factual bases of the claims. Plaintiffs further argue that some of the factual information was solely within the possession of the defendants. (Doc. 152-2, Memo of Points and Authorities p.16.)

Plaintiffs present a new argument not previously presented to the Court in any of the three prior motions. New arguments not previously presented, which could have been presented, are not a proper subject for reconsideration. See *Novato Fire Protection Dist.,* 181 F.3d at 1142, n.6 (A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration).

Nonetheless, the Court considers plaintiffs' new argument that information is solely within the possession of defendants. Plaintiffs argue that evidence of the fraud is exclusively within the knowledge of the defendants and dismissal denied discovery of the evidence.

The Court's ruling, however, did not preclude plaintiff from adequately alleging fraud. In particular, the Court ruled the plaintiffs failed to alleged "who said what to whom." (See, e.g., Doc. 141, March 18, Order p.11.) Plaintiffs failed to allege what fraudulent representations were made to them and by whom. Who said what to whom is *not* within the exclusive knowledge of the defendants. And, plaintiffs do not so argue. Rather, plaintiffs steadfastly maintain their position that "everyone said everything to everyone" is adequate pleading. This Court concluded, "[D]ue to the complexity of the scheme, the varying roles of the defendants, the longevity of the scheme, the Court finds it is not possible that every defendant engaged in every fraudulent statement and every fraudulent alleged act."

(Doc. 103, Order p. 9.) Accordingly, the Court rejects plaintiffs' argument that "who" made "what" fraudulent statements was exclusively in the possession of defendants.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

**Dated:     May 4, 2009**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE