IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DESTFINO, et al., | CASE NO. CV-F-08-1269 LJO DLB |
| Plaintiffs, | **ORDER ON DEFENDANTS' REQUEST FOR JUDGMENT PURSUANT TO FED.R.CIV.P. 54(b)** |
| v. | |
| WILLIAM KENNEDY, et al., | |
| Defendants. | |

Pending before this Court are three motions for Judgments pursuant to Fed.R.Civ. P. 54(b). On March 27, 2009, Defendants Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells moved for entry of judgment pursuant to Federal Rules of Civil Procedure 54. (Doc. 145.) On March 26, 2009, defendants Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig, The Silver Trumpets, and Judith Roderick also moved for entry of judgment. (Doc. 146.) On March 27, 2009, defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, and Assemblies of God Church also moved for entry of judgment. Plaintiffs filed an opposition to the motions on April 10, 2009. (Doc. 153-155.) Defendants filed a reply. (Doc. 161 and 165.) Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for May 7, 2009 is VACATED. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

/////

1

**FACTUAL AND PROCEDURAL BACKGROUND**

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles. On March 18, 2009, this Court dismissed the Second Amended Complaint ("SAC") without leave to amend for failure to comply with Fed.R.Civ.P. 9, as more thoroughly described in the Court's order. (Doc. 141, "March 18 Order.") The Court dismissed all claims against each of the moving defendants: Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, Assemblies of God Church (the "Berteau defendants"); Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick (the "Reiswig defendants"); Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells (the "Courtesy defendants"). Each of the dismissed parties now seek judgment pursuant to Fed.R.Civ.P. 54(b).

**ANALYSIS & DISCUSSION**

**A.     Fed.R.Civ.P. 54(b)**

Fed.R.Civ.P. 54(b) permits the court to enter final judgment as to parties on one or more claims even though the court has not issued a final decision concerning all claims in the lawsuit. Fed.R.Civ.P. 54 (b) provides in pertinent part:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Rule 54(b) "does not relax the finality required of each decision ... but it does provide a practical means of permitting an appeal to be taken from one or more final decisions ... in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956), *superceded by rule as stated in Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir.1990). If the appellate court determines that the district court properly certified a claim under Rule 54(b), then it may consider the appeal of the claim that was part of a multiclaim action. *See Aetna Casualty & Sur. Co. v. Sheft*, 989 F.2d 1105, 1106 (9th Cir.1993); *Williamson v. UNUM Life Ins. Co.*, 160 F.3d 1247, 1251 (9th Cir.1998) (no jurisdiction

where fewer than all of the claims were decided by two partial summary judgment orders).

**A.     Final Disposition of the Claims**

The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court. *Wood,* 422 F.3d at 878–879.

Here, the Court has rendered a final disposition of all of plaintiffs' claims against each of the moving defendants. Thus, the Court has finally and completely resolved plaintiffs' claims against the Courtesy defendants, the Berteau defendants and the Reiswig defendants. Therefore, the Court has made a final disposition of all claims as to the moving defendants.

**B.     No Just Reason for Delay**

The Court must next determine whether "there is any just reason for delay." *Wood,* 422 F.3d at 878–879. This determination involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. *Id.* Determining sound judicial administration involves consideration of whether: 1) certification would result in unnecessary appellate review; 2) the claims finally adjudicated were separate, distinct, and independent of any other claims; 3) review of the adjudicated claims would be mooted by any future developments in the case; and 4) an appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id.* Thus, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and justice to the litigants.[1]

---

[1] In *Curtiss-Wright v. General Elec. Co.*, 446 U.S. 1, 10 (1980), the Supreme Court noted the factors underlying the district court's determination whether to enter separate judgment under Rule 54(b):
> The essential inquiry was stated to be whether, after balancing the competing factors, finality of judgment should be ordered to advance the interests of sound judicial administration and justice to the litigants. The District Court then went on to identify the relevant factors in the case before it. It found that certification would not result in unnecessary appellate review; that the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

### 1. The Motions are not Premature

Plaintiffs oppose entry of judgment because the motions are premature based upon the pending motion for reconsideration of the dismissal of the SAC.

Here, the Court has considered plaintiffs' motion for reconsideration contemporaneously with the motions for judgment. In a separate order, the Court denies the motion for reconsideration. Therefore, the motions for judgment are not premature.

### 2. Factually Intertwined Claims

Plaintiffs also argue that the remaining claims are factually intertwined with the dismissed defendants and that the facts or legal issues underlying both the adjudicated and the unadjudicated claims significantly overlap. (Doc. 153, p.6; Doc. 155 p. 6.) Plaintiffs argue that "[b]ecause there remains a strong possibility of counter claims and indemnity claims by the remaining defendants against the moving defendants, the entry of judgment is premature." (Doc. 153 p. 7.)

A Rule 54 judgment is improper where similar issues remain to be tried. A judgment under Rule 54(b) is improper where the adjudicated and pending claims are closely related and stem from the same basic transaction. "A similarity of legal or factual issues will weigh heavily against entry of judgment under (Rule 54(b))." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962 (9th Cir. 1981). "A judgment should not be certified ... under Rule 54(b) when 'the facts on all claims and issues entirely overlap and successive appeals are essentially inevitable.'" *Robinson v. De la Vega*, 2008 WL 4748171, at *2 (S.D.Cal. Oct.24, 2008) (quoting *Wood*, 422 F.3d at 883) (emphasis added).

This case has a unique procedural posture. There are no longer any claims pending in the case against the Courtesy defendants, the Berteau defendants and the Reiswig defendants. All of the appearing defendants, except one, have been dismissed.[2] The other remaining 12 or so defendants have not been served and have not appeared. Indeed, the Magistrate Judge issued Findings and Recommendations to dismiss the unserved defendants for failure to comply with Fed.R.Civ.P 4(m).

Plaintiffs' argument is based upon the "intertwined claims" of the <u>unserved</u> defendants. In plaintiffs' status report to the Magistrate Judge on April 10, 2009, plaintiffs listed the remaining

---

[2] Defendant William Kennedy has filed a motion to dismiss.

4

defendants who have not been served. The only served defendant is William Kennedy and possibly the "Lost Sheep." (Doc. 156, Plaintiffs' status report on service.) The only potentially related claims remain as to defendant Kennedy. There maybe some commonality among the claims against the remaining defendant and the adjudicated claims of the moving defendants. Nonetheless, some commonality does not warrant delaying judgment as to the 15 moving defendants based on a potential claim against one defendant and speculative adjudication as to unserved defendants. Indeed, plaintiffs argue Kennedy was the ring leader of the alleged fraud. Thus, adjudication of his liability would be independent of any other claims.

Further, plaintiffs do not detail any possibility of counterclaims among the defendants except for defendants related to the Courtesy defendants. As to the Courtesy related defendants, plaintiffs argue that the claims against all of the defendants arise from the same common scheme and set of facts which are not separable among the parties. (Doc. 153 p. 6.) Plaintiffs argue that defendants remaining in the case, defendant Jeff Ault, John Group and Vick Singh, are all agents and employees of the Courtesy defendants. "Because these defendants were both employees of and the legmen for COURTESY, their actions are alleged to have furthered the same common scheme." (Doc. 154 p. 7.) Plaintiff argues that "Because GROUP, AULT, and SINGH were employees of COURTESY, there remains a strong possibility of counter claims and indemnity claims." (Doc. 154 p. 7.)

Defendants Jeff Ault, John Group and Vick Singh are unserved defendants. (Doc. 156.) Thus, their relationship to the moving defendants is irrelevant because they are not parties to the litigation. Further, the time for proper service has expired pursuant to Rule 4(m) and the Magistrate Judge has recommended that these unserved defendants be dismissed from this action without prejudice. Given the procedural posture of this case, the Court will not engage in speculation as to whether claims with nonparties are intertwined with dismissed claims.

The Court finds that it has rendered final disposition as to the claims against the moving defendants. For the reasons stated above, the Court finds that there is no just reason for delay. On balance, and focusing upon "severability and efficient judicial administration," the Court finds that the dismissed claims are "sufficiently separate and distinct" from plaintiffs' remaining claims so as to warrant entry of final judgment as to the moving defendants. Further, in assessing the equities, the Court

5

does not see a just reason for delaying an appeal as to the moving defendants. The Court cannot ignore that litigation of this kind is costly, both from a monetary and an emotional standpoint.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions for entry of judgment as follows:

1. The Court GRANTS the motion for entry of judgment pursuant to Fed.R.Civ.P. 54(b) as to Defendants Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells. The clerk of the Court is directed to enter judgment in favor of these defendants and against plaintiffs.

2. The Court GRANTS the motion for entry of judgment pursuant to Fed.R.Civ.P. 54(b) as to defendants Effie Reiswig, Rita I. Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick. The clerk of the Court is directed to enter judgment in favor of these defendants and against plaintiffs.

3. The Court GRANTS the motion for entry of judgment pursuant to Fed.R.Civ.P. 54(b) as to defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, and Assemblies of God Church. The clerk of the Court is directed to enter judgment in favor of these defendants and against plaintiffs.

IT IS SO ORDERED.

Dated:   May 4, 2009                          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE