**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ROBERT DESTFINO, et al.,

Plaintiffs,

v.

WILLIAM KENNEDY, et al.,

Defendants.
_______________________________________/

CASE NO. CV-F-08-1269 LJO DLB

**ORDER ON DEFENDANT KENNEDY'S MOTION TO DISMISS** (Doc. 171)

By notice filed on April 27, 2009, defendant William Kennedy moves pursuant to Rule 9(b) and 12(b)(6) to dismiss the plaintiffs' Second Amended Complaint.[1] Plaintiffs filed an opposition to the motion on May 8, 2009. (Doc. 179.) Defendant did not file a reply brief. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for June 15, 2009 is VACATED. Having considered the moving and opposition, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action involves claims of fraudulent activity related to representations of financing for homes and automobiles. The Second Amended Complaint ("SAC") alleges that defendant Kennedy made misrepresentations to induce plaintiffs to enter into loans for either mortgages or car loans, or both.

[1] William Kennedy, *in propria persona,* moves this Court as "William Kennedy, individually and on behalf of The Ear of Malchus." The Court does not address, at this point, whether Kennedy may move on behalf of The Ear of Malchus. The Second Amended Complaint alleges that The Ear of Malchus is a "dba" of William Kennedy, and is not a separate entity. (Doc.112, SAC ¶2.) The Court accepts the allegations of the complaint as true for purposes of a motion to dismiss. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

This motion is related to three prior motions which were brought by other defendants to the action. In a series of motions challenging the allegations of the original complaint, the First Amended Complaint and the Second Amended Complaint, the Court granted motions to dismiss by other defendants. (See Doc. 64, November 3, 2008 Order; Doc. 103, January 8, 2009 Order; Doc. 141, March 18, 2009 Order.) In particular, this Court held that the SAC failed to comply with Fed.R.Civ.P. 9. The Court found the SAC deficient because each and every defendant was incorporated into nearly every cause of action, and each and every fraudulent statement was incorporated into each and every cause of action. (Doc. 141, March 18, 2009 Order p. 10.) "Plaintiff must allege which defendants said what to whom as part of their allegations of misrepresentation. A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, is insufficient." (Doc. 64, November 3, 2008 Order, p. 10, Doc. 141, March 18, 2009 Order p.9.) The Court held a fraudulent claim must associate a particular defendant with a particular set of statements and specify the contents of the statement, which the SAC did not do. (Doc. 141, March 18, 2009 Order p.9.) Ultimately, the Court granted the last motion to dismiss without leave to amend.[2] (Doc. 141, March 18, 2009 Order.)

In the motion currently before the Court, defendant Kennedy, who was not a moving defendant in any of the prior motions, brings the motion on the same grounds as the grounds in the previous motions. Defendant Kennedy argues that plaintiffs failed to comply with the Court's prior orders to allege fraud with particularity. (Doc. 172, Moving papers p. 5.) Defendant Kennedy argues the allegations of the complaint state that "all defendants did everything" without particularizing which defendant engaged in which conduct. (Doc. 172, Moving papers p. 5.) As did the other defendants in the prior motions to dismiss, defendant Kennedy argues that the SAC should be dismissed for failure to allege fraud with particularity. Defendant Kennedy argues that plaintiffs' claims are intermingled amongst the defendants to make it impossible for defendant Kennedy to know which allegations apply to him and which allegations to respond to in his answer.

---

[2] The Order dismissed defendants: Courtesy Oldsmobile-Cadillac, Inc. d/b/a Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac Suzuki, and Benjamin Wells; Defendants Glen Berteau, Debbie Berteau, Darryl Turner, Michael Williams, Robert Jones, Robert Onoa, Jeremy Johnson, and Assemblies of God Church; defendant Darryl Lebarthe, defendant Jerry Cook, defendants Effie Reiswig, Johnson, Kenneth L. Reiswig, The Silver Trumpets, Judith Roderick and Duane Johnson as representative of Rita I. Johnson, deceased.

## ANALYSIS AND DISCUSSION

**A. Motion To Dismiss Standards**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

**B. Plaintiffs' Argument that the Motion to Dismiss is Untimely**

Plaintiff argues that the motion to dismiss is untimely because it was not filed within twenty (20) days of the filing of the SAC. The SAC was filed on February 12, 2009. (Docket No. 112). The motion to dismiss was filed on April 10, 2009, or fifty-seven (57) days after the complaint was filed. (Doc. 171).

A motion made pursuant to Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b). In the Ninth Circuit, Rule 12(b) motions are timely if filed any time before the answer or other responsive pleading is filed. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988).

Here, the motion is timely. Defendant Kennedy filed his motion before he filed any answer or other responsive pleading, as permitted by the Rule 12 and *Aetna Life*. Plaintiffs do not address the Rule 12(b) time for filing the motion or argue that Kennedy filed an answer or other responsive pleading. Therefore, the motion is timely because it was filed before filing a responsive pleading.

/////

**B. Fraud Claims**

Plaintiffs argue that defendant Kennedy's motion should be denied because the motion merely "piggy backs" on other defendants' motions. Plaintiffs further argue that the motion does not explain any deficiencies of the SAC.

**1. Standards of Pleading**

Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with Fed.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Although Fed.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

The SAC alleges causes of action based upon fraud. Each fraudulent allegation is incorporated into nearly every other cause of action.[3] Thus, the entire complaint is based on fraudulent conduct. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated "with particularity." Fed.R.Civ.P. 9(b). By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.) (the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations."), *cert. denied*, 528 U.S. 874 (1999); *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to

[3] The First Cause of Action incorporates all of the General Allegations, para. 1-49. The Second Cause of Action incorporates all of the General Allegations, para. 1-49. The Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Causes of Action incorporate the General Allegations, para. 1-49, and all of the fraudulent statements from the First Cause of Action. In addition, each of these causes of action names "defendants and each of them" as persons responsible for the wrongful conduct.

constitute the fraud (or mistake) ... so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985); see also *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (same). This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmtv Hosp. v. Antelope Valley Dist*., 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).

**2. Elimination of all other Defendants to the Action**

At this point in the litigation, defendant Kennedy is the sole defendant. All other defendants have been dismissed. All defendants who were part of the prior motions to dismiss have been dismissed from this action. (See Doc. 141, Order On Second Motion to Dismiss.) In addition, all of the unserved defendants have been dismissed.[4] (See Doc. 182 Order Adopting F&Rs to Dismiss Unserved Defendants.) Thus, the sole remaining defendant in this action is defendant Kennedy.

**3. Allegations as to Defendant Kennedy**

Defendant Kennedy asks the Court to dismiss the case because "plaintiffs claims are so intermingled amongst the Defendants as to make it impossible for Defendant William Kennedy to determine which allegations to respond to." (Doc. 172, Moving papers p. 5.)

Since all other defendants have been dismissed, the Court must evaluate the sufficiency of the pleadings in light of the elimination of the defendants. As to defendant Kennedy, plaintiffs allege:

> 2. Defendant WILLIAM J. KENNEDY, also known as BILL KENNEDY, d/b/a AMERICAN LEGAL SERVICES, d/b/a THE EAR OF MALCHUS, d/b/a THE LOST SHEEP, and d/b/a FINANCIAL FREEDOM FIRST, is and was at all times relevant hereto an individual living in the State of California and doing business in this judicial district. (Hereinafter, "KENNEDY".) KENNEDY is the mastermind behind the "corporate sole" schemes employed in this lawsuit. KENNEDY is the protégé of an individual indicted for marketing the same schemes. KENNEDY was responsible for overseeing all aspects of the corporation sole scheme.

In paragraph 51 of the Complaint, plaintiffs incorporate by reference all preceding paragraphs of the

[4] This order dismissed defendants Danny V. Sese, Gentry Group, Jerome Webb, Kurt F. Johnson, D. Scott, Heineman, Tony Scarlotta, New Century Mortgage Corporation, Jeff Ault, Vick Singh, International Association of Corporation Sole, Richard Lalonde, WB Financial, and Financial Title Company.

complaint. Plaintiffs categorize all plaintiffs as the "Home Mortgage Plaintiffs." (Doc. 112, SAC ¶52.) Next, plaintiff categories the "Home Mortgage Defendants" as collectively, each named defendant.[5] (Doc. 1112, SAC ¶52, 53.) Defendant Kennedy is named as one of the "Home Mortgage Defendants." Thereafter, conduct in the SAC is referred to as conduct by "Home Mortgage Defendants" against the "Home Mortgage Plaintiffs." The plaintiffs and defendants who were involved in car loans are categorized differently.[6] Defendant Kennedy is named as one of the "Car Loan Defendants." The SAC then purports to allege the plan of the fraud and conspiracy, the goal of the conspiracy and actions taken in the course of the conspiracy. (Doc. 112, SAC ¶¶54-59.) The alleged fraud in the second cause of action, in relation to the car loans, is similarly alleged. (Doc. 112 SAC ¶¶ 81-85.) In the SAC, each of the remaining causes of action alleges actions or conduct by Kennedy and other defendants "and each of them" and also incorporates each act of the alleged fraud. The following causes of action name defendant Kennedy:

-- First - Fraud in Home Mortgages
-- Second - Fraud in Automobile loans
-- Third - Unfair Business practices for the home mortgages and automobile loans
-- Fourth - Fraud in the Inducement in the home mortgages and automobile loans (or in the creation of Corporation Sole)
-- Fifth - Breach of Fiduciary Duty
-- Seventh - Conspiracy to Commit Fraud
-- Eighth - Intentional Misrepresentation
-- Ninth - Negligent Misrepresentation
-- Tenth - Breach of the Implied Covenant of Good Faith and Fair Dealing

---

[5] The "Home Mortgage Plaintiffs" are all the plaintiffs and the "Home Mortgage Defendants" are defendants Kennedy, American Legal Services, the Ear of Malchus, The Lost Sheep, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, R. Johnson, Her Copyright, Roderick Sese, Gentry Group, K. Johnson, Heineman, Scarlotta, New Century Mortgage Corporation, International Association of Corporation Sole, P.Kim, S. Kim, SKM Debt Services, Lalonde, Lebarthe, WB, Webb, Klausner, Financial Title. (Doc. 112, SAC ¶52.)

[6] The "Car Loan Plaintiffs" are plaintiffs Michael Tavarez and Shawn Taverez. The "Car Loan Defendants" are Kennedy, The EAR of Malchus, American Legal Services, the Lost Sheep, Financial Freedom First, Davies, Financial Wellbeing Solutions, K. Reiswig, E. Reiswig, The Silver Trumpets, Courtesy Automotive Center, Group, Wells, Ault, Sing, P. Kim, S. Kim, SKM Debt Services Group. (Doc. 112, SAC ¶¶78, 79.)

- - Intentional Infliction of Emotional Distress

Thus, each cause of action is alleged against nearly all defendants "and each of them." Wrongful conduct is alleged to have been committed by "defendants."

**4. The Motion Should be Granted with Leave to Amend**

With the elimination of all other defendants, plaintiffs' claims are not intermingled among the Defendants as to create the same the uncertainty the Court found in prior motions. In the prior motions, the uncertainty of the allegations as to each defendant was based upon the numerous defendants, indiscriminate grouping of the defendants and wholesale incorporation of wrongful activity. Now, only one defendant remains. With only one defendant remaining, the fraudulent conduct and other wrongful conduct is alleged as to the remaining defendant.

Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991). The Court may dismiss a complaint that contains irrelevant factual information, redundant allegations, and evidentiary matter on the grounds that the complaint fails to comply with Rule 8. *Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir.1959) *cert. denied* 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959). The heightened pleading standard is not an invitation to disregard's Rule 8's requirement of simplicity, directness, and clarity. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996). "If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose is defeated." *Id.* A complaint may state fraud claims with specificity and comply with Rule 8's requirement of simplicity, directness and clarity.

Nonetheless, the allegations in the SAC against other defendants create ambiguity and uncertainty. The claims against defendant Kennedy need to be short and plain so that the factual and legal bases for each claim are clearly articulated, without the interjection of extraneous matter. With the elimination of all other defendants, the SAC does not state with particularity the statements attributable to defendant Kennedy. A defendant should not have to comb through a 173-paragraph complaint with 14 causes of action to determine which allegations apply to him specifically. The Court notes the current state of the pleadings, in light of the dismissed defendants, unnecessarily complicates the matter with

superfluous pleadings. Eliminating superfluous pleadings will streamline the litigation by dispensing with needless discovery and factfinding. The plaintiff should be required to "streamline and reorganize the complaint before allowing it to serve as the document controlling discovery." *In re GlenFed, Inc. Sec. Litig.*s, 42 F.3d 1541, 1554 (9th Cir.1994) (*en banc*) (*superseded on other grounds by* 15 U.S.C. § 78u-4 ).

The motion will be granted with leave to amend. Leave to amend is freely given under the Rule 15. Pursuant to Fed. R. Civ. P. 15, this Court "should freely give leave when just so requires." Here, justice requires an amendment because of the dismissal of the defendants and an amendment is needed to clearly state the allegations against the remaining defendant. Accordingly, the motion to dismiss is granted with leave to amend.

In granting leave to amend, the Court cautions plaintiffs, again, as to the requirements of Rule 9. A plaintiff alleging fraud must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. Rule 9 requires pleading sufficient to permit defendants to defend against a claim of fraud. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED with leave to amend. The Court ORDERS plaintiffs, no later than July 10, 2009, to file a third amended complaint consistent with and in compliance with this Order.

IT IS SO ORDERED.

**Dated: June 9, 2009**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE